## S. N. Van Norman's Ex'ors v. Jesse O. Wheeler.

Where an instrument is set out literally or filed and made part of a pleading, it is not necessary to aver the meaning of its several terms and stipulations ; therefore, where the instrument purports to be upon a certain consideration, and is set out or filed with the pleading, no other averment of the consideration is necessary.

Where there is a condition precedent, or where there are reciprocal covenants, constituting mutual conditions to be performed at the same time, the plaintiff must aver performance of the precedent condition, or performance, or readiness to perform his part of the reciprocal covenants. But where the contract acknowledges a consideration, or the consideration passes by the contract, it is sufficient to state the contract and the breach.

Where a promise to pay money is not dated and no time is fixed for payment, interest runs from the date of the delivery.

See this case for a recovery on a subscription paper.

Appeal from Victoria. The appellee, the plaintiff in the

District Court alleged in his petition, that Samuel W. Van Norman, the testator of the defendants, in his lifetime, in the month of November, A. D., 1850, by his agreement in writing, promised to pay to the plaintiff one hundred dollars, which said writing was signed by the said Samuel W. Van Norman, and is herewith filed and made a part of this petition, whereby the said Samuel W. Van Norman became indebted to the plaintiff in the said sum of money and interest on the same at eight per cent. per annum from said signing until paid; that said Van Norman had died without having paid the said sum of money and that the claim, properly authenticated, had been presented to the defendants, and was rejected by them.

The contract was as follows: " Know all men by these pre-" sents that we, whose names are hereto subscribed, agree to " pay to J. O. Wheeler the sums annexed to our respective " names, and to become part owners with him of the steam-" boat William Penn, and that we agree to, and do hereby, " establish and ordain the following rules and regulations as " the basis of our copartnership and for our government." Here followed the usual rules and regulations for the government of joint stock companies, signed, among others, by the said Van Norman, with one hundred dollars placed opposite to his name. The name of J. O. Wheeler occurred first in the list for twenty shares, and at the end for six shares.

The defendants demurred to the petition and for cause assigned, that there was no consideration for the promise alleged; that the promise was not an independent promise, but a promise upon conditions as appeared from the writing filed and there was no averment of a performance of the conditions; that the petition presented an imperfect, inchoate obligation, without consideration and without mutuality.

The defendant also pleaded that the consideration of the promise entirely failed, for that Wheeler had never made any transfer to defendant of any interest in the boat, as contem-

plated by the writing signed by defendant; also a plea of set-off.

The demurrer to the petition was overruled. Verdict and judgment for plaintiff for debt and interest. Motion for a new trial, on the ground that the verdict was contrary to the law and the evidence. The only evidence of any importance was the writing sued on, and testimony as to the time the same was made; and that from that time the subscribers controlled the boat through a directory. It was apparent from the testimony, that the J. O. Wheeler, who subscribed a certain number of shares, was the plaintiff in this suit, and the person to whom the promise was made.

*Phillips & Phillips*, for appellants.

*A. S. Cunningham*, for appellee.

WHEELER, J. To the objection urged to the sufficiency of the petition, it must be answered, that the contract sued on is set out and made a part of the petition, and appears to be complete, and upon a sufficient consideration; it being a promise on the part of the defendants' testator, in consideration of an interest thereby presently acquired in the boat, which was the subject of the contract. The contract is without date; but a date is averred in the petition, and it is to be taken, there being nothing to the contrary appearing by the terms of the contract, that it was one act, entered into and completely executed by all the parties at the same time. It is not, in general, necessary to aver what it is not necessary to prove; and when an instrument is set out literally, it is not necessary to aver the meaning and import of its several terms and stipulations; that being matter apparent to the Court from the instrument itself. The Court can as well judge of the effect of an instrument when it is set out in pleading, as when it is offered in evidence.

Where there is a condition precedent to be performed by the plaintiff, upon which performance by the defendant depends, or where there are reciprocal covenants, constituting mutual conditions to be performed at the same time, the plaintiff must aver performance of the precedent condition, or performance, or a readiness to perform his part of the contract. But where the consideration of the defendants' contract was executed, or where an estate or interest passed or vested immediately upon the making of the contract, to be defeated by matter *ex post facto*, such matter need not be averred; but it will be sufficient to state the contract and the breach. In the present case, by virtue of the contract, the defendants' testator acquired a present interest in the boat, which was the consideration for his promise. And though the parties may have contemplated the giving of a receipt or certificate of stock, which should be evidencce of the interest acquired by the subscriber; yet the giving of such receipt or certificate was not a condition precedent to the payment of the money; and there being no precedent condition to be performed by the plaintiff, there was no necessity to aver performance on his part.

The defence set up was, in effect, that the defendants' testator was induced to enter into the contract by the false and fraudulent representations of the plaintiff, and failure of consideration. The burden of proof was with the defendants, but their defence was wholly unsupported by evidence. There was no evidence of any misrepresentations by the plaintiff, or of any want of perfect fairness and integrity on his part in entering into and carrying out the contract. The boat was employed as proposed by the contracting parties. It turned out, however, to be an unprofitable enterprise, and some of the parties concerned, and the plaintiff in particular, seem to have sustained considerable loss. The final disposition made of the boat, was deemed necessary, it seems, to avoid further losses; and it appears to have been made by the concurrent action of a majority of the directory, to whose direction " the entire control and direction of the affairs of the company"

were, by the terms of the contract, entrusted.   But it is sufficient for the purpose of the present inquiry, that the defendants have not shown that the plaintiff acted without authority in that particular, or that he has, in any respect, failed to comply with the terms and stipulations of the contract on his part.

By the terms of the contract the parties were to participate, proportionally to their respective shares, in the profits and losses of the enterprise.   If the defendants desired an account of receipts and expenditures, with a view to apportion the profits or losses, they should have called for it.   But this they seem not to have desired ; for when it was proposed by the plaintiff, upon the trial, to make an exhibit of his account of moneys received and expended on account of the boat, the defendants objected, and the evidence was excluded.   It surely is not for them now to complain that the plaintiff has not accounted to them for the proceeds of the sale.   There was an attempt made to establish a demand in set-off and reconvention, but in this the defendants also failed.   There was no evidence to charge the plaintiff with the receipt of any money of the defendant for which he had not previously given him credit elsewhere.

We are of opinion that there is no error in the judgment; and it is affirmed.

Judgment affirmed.