## WINEINGER v. FARMERS' & STOCKMEN'S LOAN & INVESTMENT ASS'N et al.

### (No. 839–4550.)

(Commission of Appeals of Texas, Section A. Nov. 17, 1926.)

**1. Joint-stock companies and business trusts ☞1.**

Joint-stock loan and investment association *held* to be "partnership," in respect to obligations to third parties, though it was a suable entity within Rev. St. 1925, arts. 6133–6138.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

**2. Joint-stock companies and business trusts ☞1.**

As between associates in joint-stock loan and investment association, relation is grounded in mutual intent.

**3. Joint-stock companies and business trusts ☞10, 13.**

Within proper bounds, retirement of member without dissolution of joint-stock loan and investment association may be validly stipulated, and what is to be treated as firm capital or individual property or advancements is subject-matter of contract.

**4. Joint-stock companies and business trusts ☞19 — Count against joint-stock association and its members by holder of preferred stock, seeking repayment of money on theory that association was partnership composed of holders of common stock, and that plaintiff was general creditor, held not demurrable.**

In suit by holder of preferred stock against joint-stock association and members thereof, to

recover on alleged obligation to repay certain money, count seeking to recover on theory that association is partnership composed of holders of common stock, and that plaintiff was general creditor, *held* not demurrable.

**5. Pleading ☞34(1).**

Count of complaint may be supplemented by another in considering demurrer to it.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Mrs. Ida E. Wineinger against the Farmers' & Stockmen's Loan & Investment Association and others. Judgment dismissing the suit was reversed, and the cause remanded by the Court of Civil Appeals (278 S. W. 932), and plaintiff brings error. Judgment of the Court of Civil Appeals affirmed.

F. A. Cooper, of Amarillo, for plaintiff in error.

J. W. Crudgington and Madden, Adkins & Pipkin, all of Amarillo, for defendants in error.

NICKELS, J. Mrs. Wineinger sued Farmers' & Stockmen's Loan & Investment Association, as a joint-stock association, and various individuals, alleged to be members and stockholders of the association, to recover upon alleged obligations to repay, with interest, certain moneys delivered to them by her in 1922. So-called "general demurrers," separately directed at the various sections or "counts" of the petition, were sustained, and, upon her failure to amend, the suit was dismissed. Upon her appeal, the honorable Court of Civil Appeals held that the second "count" of the petition is not subject to demurrer, and reversed the judgment and remanded the cause. 278 S. W. 932. Writ of error was allowed upon an assignment presenting the first "count" of the petition as sufficient to state a cause of action.

We do not consider a detailed restatement of the pleading to be essential, since a general statement is made in the opinion of the Court of Civil Appeals.

[1] While the association constitutes a suable entity within the terms of chapter 2, tit. 105, R. S. 1925, it is a partnership in respect to its obligations to third parties. Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554. We do not believe it proper to determine whether Mrs. Wineinger is a partner or a stranger, in virtue of the facts disclosed here and the principles announced in Thompson v. Schmitt, supra. If she is not a partner, the sufficiency of her petition cannot be doubted, and her exact status ought not to be ascertained pending full disclosure of all relevant facts. If she is a partner, her rights as against the firm and her associates are not comparable to those which might be asserted in a controversy to which pursuing creditors were adverse parties. Assuming her to be a partner, we view the controversy as being one inter sese and the question presented as being determinable by principles other than those upon which the Court of Civil Appeals acted.

[2, 3] At least as between associates, the relation is grounded in mutual intent. Contractual capacity imports the right to associate upon such terms as may be desired, so long, of course, as there is no rencounter with positive law. Liberty includes that much. Within proper bounds, retirement through death or volition of one or more without dissolution of the firm may be validly stipulated. Alexander v. Lewis, 47 Tex. 481. And what is to be treated as firm capital or as individual property or as advancements is the subject-matter of contract. 30 Cyc. 441. See Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7; Kelly v Masterson, 100 Tex. 38, 93 S. W. 427; Moore v. Steele, 67 Tex. 435, 3 S. W. 448.

[4] When mere nomenclature is disregarded, and the relation presented is viewed in regard to substance, its broad outlines import the following: (a) In July, 1920, Nash, Carlander, Humphreys, and Bush, defendants in error, with three others, executed and published articles of association whereby they formed the association. (b) Membership in future for additional persons (who were to become "common stockholders") was therein provided; such membership being made transferable. (c) Shares of "preferred stock," it was provided, might be sold to such persons as might care to buy. (d) Title to properties and management of the business was vested in trustees selected, substituted, etc., by the "common stockholders," and the trustees were empowered to borrow money, sell the "preferred stock," etc. (e) Cancellation of "common stock" was not provided for, but "preferred stock" was made subject to surrender at the will of its owner and to cancellation at the will of the association. (f) Owners of "common stock" should become sole beneficiaries of profits or "dividends," if any. (g) Owners of "preferred stock," it was declared, should "have no legal right to dividends or division of the profits or be entitled to any share of the principal" (i. e., assets) "upon termination of the association." (h) It was provided, however, that preferred stock "will bear a guaranteed rate of interest per annum," and its face value should be repaid to its owner 30 days after demand. (i) All money paid in for common stock and all "earnings of the association" were pledged as security for interest and principal of "preferred stock." (j) The association, it was provided, should exist through 20 years. (k) In 1922 Mrs. Wineinger bought shares of "preferred stock"; in-

terest was paid upon it to January 1, 1924; in November, 1923, $500 of the principal was paid. She demanded payment of the balance, her demand was refused, and she brought this suit to recover the balance with interest from January 1, 1924.

[5] In our opinion, and as against the association and its members, she demanded no more than her rights as contracted and as disclosed in the first count separately considered or treated, as it may be, as supplemented by count 3.

The question of whether ultimately she will be confined to "association" assets is not before us. That is a matter of defense.

We approve the holding of the Court of Civil Appeals sustaining the second count of the petition.

We recommend affirmance of the judgment reversing and remanding the cause.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.