### DAVIS et al. v. NICHOLS et al.

### No. 12549.

Court of Civil Appeals of Texas. Dallas.

Jan. 14, 1939.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellants.

Clark & Rice, W. D. White, and Russell V. Rogers, Jr., all of Dallas, for appellees.

BOND, Chief Justice.

Appellants filed suit alleging that they were real estate brokers and, as such, on behalf of Appellee, Will B. Marsh, executor of Louis Lipsitz's estate, negotiated a lease contract to Houston H. Nichols and Lawrence L. Nichols to property owned by the estate, for a consideration of $30,000 per annum, payable in installments of $2,500 per month, beginning May 15, 1931, and ending on May 15, 1948; that "under the arrangement and agreement between the plaintiffs (appellants) and said executor Will B. Marsh, the sum of Seventy-five Hundred ($7500.00) Dollars was to be paid to the plaintiffs out of the rents from the said premises; that there remains a balance due to the plaintiffs of Seventeen Hundred ($1700.00) Dollars which is agreed to be paid by the said Will B. Marsh as executor, agent and attorney in fact, for the lessors to 'plaintiffs, and was agreed between defendants, Houston H. Nichols and Lawrence L. Nichols to be paid to these plaintiffs on behalf of the defendant, Will B. Marsh as agent and attorney in fact for the lessors"; and that "by reason of the said contracts and oral representations made at the time and in connection with the said contract, it was understood and agreed that the said defendants Houston H. Nichols and Lawrence L. Nichols would pay to the plaintiffs the said sum of Seventeen Hundred ($1700.00) Dollars, and that the defendant Will B. Marsh would see to it that the said sum was paid or would himself as agent and attorney in fact pay the said sum for which he, as executor and agent and attorney in fact had become bound. Plaintiffs represent that the defendant, Will B. Marsh, agreed unequivocally to pay the sum of Seventy-five Hundred ($7500.00) Dollars for the services rendered in procuring the said lease and consummating the said deal, the only condition in regard to the said payment being that it should be paid out of the rentals received by the said Will B. Marsh as agent and attorney in fact for the defendants, Houston H. Nichols and Lawrence L. Nichols; that as above pointed out, the said defendants, Houston H. Nichols and Lawrence L. Nichols, during twelve months after taking charge of said premises, paid to the said Will B. Marsh more than the sum of Seventy-five Hundred ($7500.00) Dollars, to-wit: Twenty Five Thousand Seven Hundred Fifty ($25,750.00) Dollars of which amount only ———— Dollars was paid to the plaintiffs, leaving Twelve Hundred and Fifty ($1250.00) Dollars (settled by the payment of $850.00) and a balance due of Seventeen Hundred ($1700.00) Dollars by the defendants, Houston H. Nichols and Lawrence L. Nichols, and the defendant, Will B. Marsh, as executor, agent and attorney in fact as aforesaid; that plaintiffs have

never released the defendants or any of them from the payment of said sum of Seventeen Hundred ($1700.00) Dollars; that the same became due on May 15, 1931 and has never been paid; that due demand has been made upon the defendants and each of them to pay said amount, but that they have failed and refused and still refuse to pay the same to plaintiff's damages in the sum of Seventeen Hundred ($1700.-00) Dollars, together with interest at six per cent (6%) per annum from May 15, 1931 until paid." Appellants' petition also embodied, in extenso, the letters and written instruments constituting the contract between the parties as the basis of the suit; accordingly, all allegations and conclusions of the pleader based thereon, or in conflict therewith, yield to the terms and conditions of the contract.

The original contract, dated May 1, 1931, and agreed upon by Will B. Marsh, executor, and the appellants, recited: "Under this agreement, the owners are to pay as their entire commission on the deal, the sum of $7500.00, which is to be paid in installments of $625.00 per month, *if, as and when rental collections are made by the owners* under the lease contract from Nichols Brothers. * * * to avoid any possible misunderstanding and to make plain that the only commissions to be paid by the owners is the aforesaid sum of $7500.00, which is to be paid in the *manner stated, and solely upon condition* that collection is made by the owners from the lessees of the rentals due under lease contract, during the first year of the term." (Italics ours.)

The petition further shows that, on November 16, 1931, the contract above mentioned was modified, signed and acknowledged by all the parties affected thereby, to the tenor following, all immaterial provisions eliminated: "Whereas, because of present financial conditions, the lessees report that they are unable to make such monthly payments at this time, and have requested the lessors to defer collection of the sum of Eight Hundred Dollars ($800.-00) a month until the 15th day of February, 1932, and to this request lessors have acceded upon condition that it meets with the approval of Hale Davis and Sam Lobello, who are entitled to $625.00 a month out of the rentals during the aforesaid period to be applied by them on the real estate commissions earned in negotiating the lease. * * * Now therefore, in consideration of the premises and for the purpose of setting forth the agreement which has been reached, the lessors, acting herein by Will B. Marsh, their duly authorized agent and attorney in fact, Houston H. Nichols and Lawrence L. Nichols, the aforesaid lessees, and Hale Davis and Sam Lobello do here agree: * * * That the acceptance by lessors of such lesser sums than the rentals called for in the lease contract shall not be considered as a waiver or release of the remaining amount of monthly rentals owing to lessors under the lease contract, but such remaining amounts, aggregating the sum of Three Thousand Two Hundred Dollars ($3,200.-00) shall be due and payable to lessors on or before the 15th day of February, 1932— it being understood that out of such sum of $3200.00 Sam Lobello and Hale Davis are jointly entitled to One Thousand Seven Hundred Dollars ($1700.00) *if, as and when collected,* (Italics ours) and that the remaining One Thousand Five Hundred Dollars ($1,500.00) is to be retained by lessors."

The petition further recites that the $1,700 due and owing to plaintiffs under the foregoing contract and modified agreement not having been paid, the plaintiffs and defendant, Will B. Marsh, on July 8, 1932, made another agreement, the pertinent features being: "* * * for and in consideration of the sum of Eight Hundred Fifty and No/100 ($850.00) Dollars cash in hand paid by said Will B. Marsh as agent and attorney in fact for the lessors the said Hale Davis and Sam Lobello do hereby release and acknowledge full settlement due to them for the months of February, March, April and May as provided by said lease agreement and said contract agreement and do hereby further state that the acceptance by them of the sum of Eight Hundred Fifty and no/100 ($850.-00) Dollars shall be as settlement in full of all claims which they may have by virtue of said lease, except as to such claims which may now be vested in them as to their proportionate right to said Thirty-two Hundred and No/100 ($3200.00) Dollars, as provided in said contract of November 16, 1931. It being the intention of all parties hereto, that the acceptance of the said Eight Hundred Fifty and No/100 ($850.00) Dollars shall in no wise waive, impair, or alter the rights of the said Hale Davis and Sam Lobello as to the contract of November 16th, 1931."

It will be seen that plaintiffs relied for recovery upon a contract which imposes an obligation on the part of Will B. Marsh, agent and attorney in fact for the owners of the leased premises, to pay the contracted real estate agent's commission, solely on condition, "if, as and when" the rentals are collected from the lessees, Nichols Brothers. There is no allegation that the lessor Marsh collected the rents from his tenant, which was a condition precedent for the obligation, but, on the contrary, plaintiffs expressly alleged that the money was not paid. It was upon this very contingency, emphasized repeatedly in the contract, that plaintiffs' right to the commissions depended, and nowhere do Nichols Brothers obligate themselves to pay other than to the lesssors.

When liability on a contract depends upon the performance or happening of a condition precedent, the performance or happening of the condition must be alleged, at least, where plaintiff pleads the provisions of the contract imposing the conditions. 10 Tex.Jur. 501. In Salinas v. Wright, 11 Tex. 572, the Supreme Court held, that on a promise to pay a certain sum "so soon as circumstances will permit me", it was imposed upon the plaintiff to allege the ability of the defendant to pay. See, also, Van Norman's Ex'rs v. Wheeler, 13 Tex. 316; Northern Texas Utilities Co. v. Community Natural Gas Co., Tex. Civ.App., 297 S.W. 904, on subsequent appeal, Tex.Civ.App., 13 S.W.2d 184; Sovereign Camp, W. O. W., v. Cooper et al., Tex.Civ.App., 208 S.W. 550; Wright v. Farmers' Nat. Bank, 31 Tex.Civ.App. 406 72 S.W. 103 (holding that plaintiff could not recover on defendant's promise to pay as soon as he could, where he did not allege defendant's ability to pay). It is fundamental that where one relies for recovery upon a contract which imposes conditions precedent upon him, he must allege performance of such conditions, otherwise, his pleadings are subject to general demurrer.

Considering the disclosures of plaintiffs' petition "that out of such sum of $3200.00, Sam Lobello and Hale Davis are jointly entitled to One Thousand Seven Hundred ($1700.00) Dollars, *if, as and when collected*", plaintiffs' right to collect the money was specifically conditioned upon Will B. Marsh's actually collecting it from the lessees, Houston H. Nichols and Lawrence L. Nichols. In Joseph v. Bostick, Tex.Com.

App., 276 S.W. 672, 675, the plaintiff, a broker, sued for commissions alleged to have been earned on a conditional contract; the Commission of Appeals denied recovery because of such conditions not happening, saying: "It results that Bostick [broker], dealing at arm's length, entered into an agreement whereby his right to compensation was made wholly contingent, and the event provided for never came to pass."

It is always the duty of the plaintiff to allege facts sufficient to make out a prima facie cause of action, and where his declarations or complaint are sufficient, but in conflict with the written instruments copied, in extenso, in his petition, such declarations or complaint are mere conclusions of the pleader and must yield to the terms and conditions of the written instruments. In the case at bar, while plaintiffs declared that "It was understood and agreed that the said defendants Houston H. Nichols and Lawrence L. Nichols would pay to plaintiffs the sum of Seventeen Hundred ($1700.00) Dollars, and that the defendant Will B. Marsh would see to it that the said sum was paid or would himself as agent and attorney in fact pay the said sum for which he, as executor and agent and attorney in fact had become bound"; and "that the defendant Will B. Marsh, agreed unequivocally to pay the sum of Seventy-five Hundred ($7500.00) Dollars for the services rendered in procuring the said lease and consummating the said deal", such allegations must be considered as mere conclusions of the pleader, being in conflict with the terms and conditions of the contract alleged, which specifically recites that the commissions involved in the suit shall only be paid, "if, as and when collected", a condition precedent for recovery. Furthermore, the contract shows that Nichols Brothers owed plaintiffs no duty and owed plaintiffs no money under the contract. They obligated themselves only to pay Marsh the rents, thus could not control Marsh's action in the disposition thereof, and the acknowledgement of Marsh's obligation to pay the brokerage "if, as and when collected", imposed no liability upon Nichols Brothers to pay the brokerage to plaintiffs.

The trial court sustained defendants' general demurrer to plaintiffs' petition, and, plaintiffs declining to amend, dismissed the suit. Because of the petition wholly failing to state a cause of action

against the defendants, as indicated ·above, the judgment of the trial court should be affirmed; it is so ordered.

Affirmed.