## SUPREME CAMP OF THE AMERICAN WOODMEN v. SUMMERS et al.

### No. 2149.

Court of Civil Appeals of Texas. Waco.

Dec. 7, 1939.

Street & Street, of Waco, for appellant.

Bartlett & Bartlett, of Marlin, for appellees.

GALLAGHER, Chief Justice.

This action was brought by appellees, Mack Summers, joined by her husband, Fred Summers, against appellant, The Supreme Camp of the American Woodmen, a fraternal benefit society, upon a benefit certificate issued by it to Samuel C. Mitchell, seeking to recover benefits claimed to be due because of the loss of an eye by said Mitchell as the result of an accidental injury. A copy of such certificate was attached to appellees' petition and made a part thereof. Appellees alleged that in consideration of the payments by said Mack Summers required by the terms of said certificate to be made at the time of the issuance thereof and monthly thereafter, the benefits to accrue thereunder were to be paid to her. Said certificate stipulated explicitly that accident benefits provided for therein were to be paid to said Mitchell and the death benefit to said Mack Summers, who was his mother. Mitchell, to whom, as aforesaid, accident benefits were to be paid, was not made a party to the suit, nor did appellees in any way plead or prove any assignment to Mack Summers of any right to recover the same. Appellant filed a general demurrer to appellees' petition, which was overruled. The case was tried by the court without a jury and judgment rendered in favor of appellee Mack Summers for recovery of the sum of $240.

■■ · Appellant presents an assignment of error in which it claims that the action of the court in overruling its general demurrer constitutes reversible error. The allegation that the benefits to be paid in case of accidental injury were to be paid to Mack Summers appears to be a mere conclusion of the pleader. It is directly in conflict with the express language of the certificate, which, as aforesaid, provided in express terms that such benefits should be paid to the said Mitchell. When a written instrument is attached as an exhibit to a petition and made a part thereof, the court will on demurrer give to the instrument the legal effect to which it is entitled, and the same will control the petition when its allegations are in conflict with the terms of such exhibit. Rowles v. Hadden, Tex.Civ.App., 210 S.W. 251, 259, par. 4, writ refused, and authorities there cited; Wineinger v. Farmers' & Stockmen's Loan & Investment Ass'n, Tex. Civ.App., 278 S.W. 932, par. 2, affirmed, Tex.Com.App., 287 S.W. 1091. Since appellees' petition, considered in connection with the benefit certificate attached ·to and made a part thereof, failed to show any right in Mack Summers to recover the benefits stipulated to be paid in cases of accidental injury to said Mitchell which did not result in death, and since this suit was

exclusively for the recovery of such benefits, the general demurrer should have been sustained. Midland & N. W. Ry. Co. v. Midland Mercantile Co., Tex.Civ.App., 216 S.W. 627, 628, par. 1, writ refused, and authority there cited; Panhandle Grain & Elevator Co. v. Dowlin, Tex.Civ.App., 247 S.W. 873, par. 2.

The judgment of the trial court is reversed. Since it does not appear affirmatively that appellees can not so amend their petition as to set up a cause of action, the cause is remanded to the trial court for further consideration. Wichita County v. Tittle, Tex.Com.App., 41 S.W.2d 11; Missouri State Life Ins. Co. v. Boles, Tex. Civ.App., 288 S.W. 271, par. 18; Maryland Casualty Co. v. Overstreet, Tex.Com.App., 61 S.W.2d 810, par. 2; Thompson v. Litwood Oil & Supply Co., Tex.Civ.App., 287 S.W. 279, 281, par. 7, and authorities there cited.