## LEWIS v. PITTMAN.
### No. 2525.

Court of Civil Appeals of Texas. Eastland.
Nov. 9, 1945.

Rehearing Denied Dec. 14, 1945.

692

Joseph A. Chandler, of Stephenville, for appellant.

O. C. Funderburk, of Eastland, for appellee.

GRAY, Justice.

This is a suit filed by plaintiff, R. L. Lewis, appellant here, in the County Court of Erath County, Texas, for the alleged conversion of part of the 1944 pecan crop produced on 260 acres of land in said county, owned in fee by appellee and leased to appellant, "for grazing purposes only," for the term beginning May 20, 1944, and ending January 1, 1945. The consideration for said lease was $400 in cash, which was paid in advance. Said lease was a printed form containing a number of provisions which should have been deleted as not ap-

plicable. The lessor reserved use of the dwelling, barn, water from the windmill, and was to retain one team, cow and calf on the premises. The lessee was restricted to 60 head of cattle at one time and one saddle horse. Lessee was to receive the pecan crop for 1944. By January 1, 1945, appellant had not gathered all of said pecans, and was forbidden by appellee to go upon the premises for such purpose. Appellee seems to have gathered and sold the remainder. Plaintiff alleged the net value of same to have been $240, for which he sued with interest and costs.

The defendant answered by special exceptions, No. 1, to the effect that said petition showed on its face that said lease contract began on the 19th day of May 1944, and ended January 1, 1945, and that 'lessee * * * will quietly deliver up said premises on the day of its expiration in as good condition as when received, reasonable wear and tear excepted." That said petition further showed on its face that plaintiff did not gather said pecans during the term of said lease, and that by reason thereof, plaintiff had no right thereafter to go upon said premises, and that said ungathered pecans had reverted to defendant. On the merits, defendant pleaded that said pecans were ripe and ready for harvest by the middle of October, 1944, and by the slightest diligence could have been harvested by December 1, 1944.

The lease contract was exhibited to the court by defendant in connection with the pleadings, although not attached as an exhibit by plaintiff. After considering the pleadings and lease contract together, the court sustained said Exception No. 1, and plaintiff declining to amend, the order was "that plaintiff take nothing herein as against the defendant," and that defendant go without day and recover his costs. Said order was irregular in that there was no adjudication on the merits, but since the trial court sustained said special exception No. 1, we will treat such order as a dismissal.

■ Ordinarily, the consideration of an exception is limited to a study of the petition. But where an instrument or document is attached to the petition as an exhibit and made a part thereof, it may be considered by the court in connection with the pleadings in testing the sufficiency of an exception. In this case said lease was presented to the court by defendant's attorney. However, no objection to this

procedure, nor to recitals in the judgment as to such consideration, seems to have been made by plaintiff, and the point was not saved for appeal. As further indicating that plaintiff acquiesced in the procedure, attorneys for both plaintiffs and defendant, by their written agreement, directed that said lease contract be brought forward in the transcript. We conclude that plaintiff assented that said lease contract be considered by the trial court in testing the said exception, as if same had been attached as an exhibit to the petition. See Rules 59 and 90, Texas Rules of Civil Procedure.

■ The said lease contract having been thus admitted by consent of both parties, we shall here, as did the trial court, consider it in connection with the petition in testing same as against said exception, and should there be a conflict or inconsistency between the pleading and contract, the lease contract will control. Beal's Adm'r v. Alexander, 6 Tex. 531, 538; City of Big Spring v. Ward, 140 Tex. 609, 169 S.W. 151; Southwest Stone Co. v. Railroad Commission, Tex.Civ.App., 173 S.W.2d 325.

We shall not here set out said lease in full, but only those provisions material to a determination of this appeal.

"Witnesseth: That the said Lessor does by these presents lease and demise unto the said Lessee all that certain tract of land situated in the County of Erath, State of Texas, together with the improvements thereon, described as follows: 260 acres of land, located 5 miles on north side of Lingleville Road in Menefee and Alexander surveys, in Erath County, Texas. It is expressly understood and agreed that this 260 acres shall be used for grazing purposes only, that said R. L. Lewis shall not place over 60 head of cattle on said premises at any one time. Said J. L. Pittman to retain one team; cow and calf in said premises; also reserve the dwelling, barn and to use water from windmill. Said Pittman to place all fences in A-1. repair and said Lewis to maintain such fences. Said R. L. Lewis to receive all the pecan crop for 1944. There shall be no hunting or fishing allowed on the premises, and containing 260 acres, more or less, for the term of beginning the 20th day of May A.D. 1944 and ending the 1st day of January A.D. 1945 upon the conditions and covenants following:

"First. That the Lessee will well and punctually pay all rents in the manner and

form hereinafter specified, and quietly deliver up the premises on the day of expiration of this lease, in as good condition as the same were in when received, reasonable wear and tear thereof excepted, and Lessor shall have a first lien on all crops, both for rental and to keep said premises in such repair at all times.

"Second. That said Lessee shall pay Lessor therefor the sum of Four Hundred and No/100 Dollars, payable in cash."

While said lease was "for grazing purposes only," there were certain restrictions, qualifications and benefits to lessor and lessee. Lessor reserved the use of the dwelling, barn, water from the windmill and grazing for one team and cow and calf. Lessee was restricted to 60 head of cattle on said premises at any one time, but he was to "receive all the pecan crop for 1944." Said lease was to begin on May 20, 1944, and end on January 1, 1945.

Appellant maintains that said lease contract consists of two phases, one the grass lease and the other a sale of the pecan crop for 1944, and that said contract was divisible or severable as to the grass and pecans. Appellee takes the contrary view, insisting that said contract is not divisible and that the stipulation that lessee was to receive the pecan crop for 1944 was altogether secondary to the grass lease and merely an incident to, or qualification thereof, of the same rank and character as the other restrictions, qualifications and benefits mentioned above.

The matters in controversy narrow down to the controlling issue as to whether there was a sale of the pecans, and if so, whether appellant had the right to go upon said premises after January 1, 1945, for the purpose of gathering what remained. If there was not a sale of the pecans, there was no conversion by appellee, since the date of termination of said lease was definitely fixed as of January 1, 1945.

▆▆▆▆ First, we shall consider whether the said lease was divisible or severable. The primary test would be the intent of the parties. 10 Tex.Jur. 323. But in this case, there was no evidence and no extraneous circumstances alleged to aid us in determining the intent of the parties and we must look solely to the instrument itself. However, there is another test which we think is particularly applicable here, and that is whether the consideration was apportioned in the instrument, or if it

might be implied from the terms of the instrument. 10 Tex.Jur. 324; Read v. Gibson & Johnson, Tex.Civ.App., 12 S.W.2d 620; E. F. Elmberg Co. v. Dunlap Hardware Co., Tex.Civ.App., 234 S.W. 700; Associated Mfg. Co. v. Jordan, Tex.Civ. App., 223 S.W. 1050. The consideration for the lease was $400 in cash, which was paid. The lease was "for grazing purposes only." No mention was made of any sale of the pecans. Were we to ignore the plain provisions of the lease and presume a sale of the pecans, there would still be no way by which we could apportion the consideration. We overrule appellant on this point.

▆▆▆▆ As further bearing upon the issue of sale, we think the provision that, "Lessee shall receive all the pecan crop for 1944," clearly indicates that delivery of said pecans was to be made in the future. We judicially know that pecans do not mature and become subject to gathering until October and November. There could have been no delivery thereof on May 20, 1944, because said pecans had not progressed beyond the embryonic stage. They had to be grown and gathered. Even if said lease contract should be construed as a purported sale, the title did not pass and there was merely an executory contract to sell. See 37 Tex.Jur. 452, sec. 203. In such cases, the Supreme Court of Texas in Gammage v. Alexander, 14 Tex. 414, quoting from Story on Sales, announced the rule to be: " 'Where the contract of sale is executory, and for an article which is not in existence at the time of the sale, but is to be manufactured or made or is to be grown, no property therein passes to the vendee, until the thing is not only completely finished and ready, but is either actually delivered to him, or at least is set aside and appropriated to him and accepted by him.' "

This rule was followed and approved in Tufts v. Lawrence, 77 Tex. 526, 14 S.W. 165; Shaenfield v. Hall Safe & Fixture Co., Tex.Civ.App., 157 S.W. 462; Temple Lumber Co. v. Arnold, Tex.Civ.App., 14 S.W.2d 926.

It would, therefore, appear that appellant's cause of action, if any he had, would have been a suit for breach of contract.

▆▆▆▆ Finally, we think that appellant's contention that there was a sale of said pecans, is completely refuted by the fact that in a valid sale or contract of sale,

there must be an agreement as to the price or compensation, or some method by which the consideration may be determined. We have shown in our discussion of the alleged severability of said lease contract that no value was fixed for said pecans, nor was there any way by which such value could be found from the contract. See Corpus Juris, Vol. 55, p. 68, where it is said: "It is also essential to a valid sale or contract of sale that the parties thereto, either expressly or impliedly, agree upon and fix with reasonable certainty the price or consideration to be paid for the property sold, or provide some method or criterion by which it can be definitely ascertained."

From the above authorities, it seems clear that the provision in said lease, "Said R. L. Lewis to receive all of the pecan crop for 1944," lacked several of the essential elements of a sale. However, we think it equally clear that said lessee had the right to gather and appropriate the entire crop, if done within the limit fixed for termination of the lease. See Temple Lumber Co. v. Arnold, Tex. Civ.App., 14 S.W.2d 926, and authorities therein cited. He does not allege that he was in any way hindered or prevented from doing so by lessor. If, by reason of his own negligence, or by force of unforeseen conditions or circumstances, he did not gather same, it was his loss. The lease contract made no provision for such contingencies. He has not invoked the doctrine of emblements, which, however, could have no application here for the reason that pecans do not fall within the classification of emblements. 14 Words and Phrases, Perm. Ed., p. 290. But were pecans classified as emblements, that would not be available to lessee, since the lease contract was of certain duration and fixed a certain, definite date for its termination. Miller v. Gray, 136 Tex. 196, 149 S.W.2d 582. We could not read into said instrument conditions contradictory to its plain terms and provisions.

Said lease contract having expired by its own terms on January 1, 1945, it follows that lessee, appellant here, had no right to go upon said premises thereafter for any purpose. Lessee had covenanted that he would "quietly deliver up the premises on the day of expiration of this lease in as good condition as the same were in when received, reasonable wear and tear thereof excepted."

Under authority of Temple Lumber Co. v. Arnold, supra, appellant had no further right, title or interest in the ungathered pecans on said 260 acres of land on and after January 1, 1945. No title to same had passed to him. They were the property of appellee, who had the right to gather and do as he chose with them. Therefore, appellant's plea of conversion must fail.

We are of the opinion that said petition, when tested in connection with said lease contract, does not state a cause of action, and that the trial court did not err in sustaining the special exception thereto.

The judgment of the trial court is affirmed.