**PACKARD FORT WORTH, Inc. v.
VAN ZANDT.**

No. 15081.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 4, 1949.

Rehearing Denied Dec. 9, 1949.

Marvin B. Simpson, Jr. and Fred S. Dudley, both of Fort Worth, for appellant.

Oliver W. Fannin, and Oliver W. Fannin, Jr., both of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellant at the times material herein was a retail dealer in Packard automobiles in Fort Worth. Appellee alleged that on December 17, 1946, he and appellant entered into an agreement for the sale by appellant to appellee of a certain model Packard automobile for $2200, to be delivered on or about January 25, 1947. In a non-jury trial appellee was awarded damages for breach of said contract.

Although several questions are raised in the briefs of the parties, it is only necessary, if our views of the case are correct, to discuss one of them. It is whether or not there was a valid, enforceable contract between the parties for the sale and purchase of the automobile.

It is undisputed that on December 17, 1946, an instrument in writing, styled "New Car Order", was signed by appellee and was accepted by appellant. The automobile to be purchased was described in the order as follows:

"Make: Packard. Model: DeLux Clipper. Type: 4 Dr. Year: 47."

Nothing was said in the order with respect to accessories such as spare tire, radio, heater, etc. Nothing was said in the order with respect to the price to be paid for the automobile. The order did contain two paragraphs reading as follows:

"It is further agreed that no representation or agreement made to, by, or between

the parties hereto, prior to, or at the time of the acceptance hereof, shall be binding upon either of the parties hereto, unless the same is printed or written in this order. No salesman's agreement is binding on The Dealer. All terms and conditions of this sale are expressed in this agreement, and any promises or understanding not herein specified in writing are hereby expressly waived."

"It is further understood and agreed that the above set out statements cover the entire contract and agreement between the parties hereto."

■ An executory contract of sale should set a certain or definite price, or else refer to some guide or standard from which the price is capable of ascertainment. 37 Tex.Jur. 158. The rule as stated in 55 Corpus Juris 68, quoted with approval in Lewis v. Pittman, Tex.Civ.App., 191 S.W. 2d 691, 695, is that:

"It is also essential to a valid sale or contract of sale that the parties thereto, either expressly or impliedly, agree upon and fix with reasonable certainty the price or consideration to be paid for the property sold, or provide some method or criterion by which it can be definitely ascertained."

There can be circumstances under which a promise to pay a reasonable price may be implied. 37 Tex.Jur. 161. But appellee does not seek to recover on the theory that the contract impliedly called for payment of a reasonable price, or a price fixed by O.P.A. regulations, or a price listed by the manufacturer of the automobile. He argues that the written order did not contain the entire contract of the parties—that a part of their agreement was made orally. He argues that the salesman agreed with him when the order was signed that the car would be sold to him for $2200.

■ "It is settled that a contract of sale may be partly oral and partly in writing. In other words the contract may consist of an oral agreement and a written agreement, the one supplementing the other and each containing one or more of the terms and conditions agreed on." 37 Tex. Jur. 137. But is it also settled that " * *

when an apparently complete written agreement declares, in effect, that it embodies all the terms of the contract, parol evidence of an agreement by one party, not specified in the writing, is inadmissible although the adverse party alleges that the writing does not set forth the entire contract." 37 Tex.Jur. 184. Many cases could be cited in support of the rule last stated, but it will suffice to refer to Super-Cold Southwest Co. v. Elkins, 140 Tex. 48, 166 S.W.2d 97, and the other cases cited in that opinion.

Appellee argues that appellant should be bound by the contract because the proof shows that it accepted the order and retained a deposit of $100 made by appellee. The parties may have agreed to all that was set out in the written contract, but they failed to agree in the writing on a vital matter, to-wit, the price. And, under all the authorities, appellant protected itself against oral agreements of its salesmen by the provisions of the contract above quoted. The result may be that the parties actually have no contract at all, but it is not within our authority to make for them a contract which they did not make for themselves.

The judgment of the trial court includes a recovery by appellee of the $100 deposited with the order. The proof shows without dispute that appellant offered to return the $100 to appellee when he demanded it, on condition that he would return to appellant the receipt it had given appellee for the $100, but that for reasons not necessary to state here appellee persistently refused to return the receipt to appellant, although the receipt was in possession of appellee's attorney and apparently was available to appellee. Appellee should have judgment for the $100, but not for any costs.

■■ It appears from appellee's own pleadings and evidence that he is not entitled to recover damages for breach of the alleged contract. Insofar as the judgment awards appellee a recovery for damages for breach of the alleged contract, it is reversed and judgment is here rendered that he take nothing. The judgment is left

undisturbed insofar as it awards appellee a recovery for the $100 deposit. Costs in the trial court and on appeal are adjudged against appellee.

Reversed and rendered in part, left undisturbed in part.