Evelyn CECIL, Appellant,

v.

Michael B. HYDORN, Appellee.

No. 04–85–00046–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

Steven G. Cennamo, San Antonio, for appellant.

Bryan A. Woods, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

Evelyn Cecil, appeals by writ of error a default judgment entered in favor of Michael B. Hydorn against her and two other non-appealing defendants.

Hydorn sued Cecil, Evelco Corporation and Reaching Out Corporation for breach of an employment contract. In his petition Hydorn sought to recover damages actually sustained as a result of the contract breach, damages for impairment of credit rating, attorney's fees and both pre-judgment and post-judgment interest.

The petition was filed on March 27, 1984 and service of process was had upon appellant on May 22, 1984.

On June 20, 1984, a default judgment was entered against all defendants as a result of their failure to answer or appear. The judgment provided for joint and several liability against the defendants.

On December 12, 1984, appellant filed her petition for writ of error. Neither Evelco Corporation nor Reaching Out Corporation has challenged the default judgment.

Appellant raises three points of error. First, that the original petition filed by appellee failed to state a cause of action against her. Second, that it was error to enter an award for attorney's fees, because the original petition stated no cause of action for such an award. Third, that the trial court erred in awarding damages for loss of credit rating because there was no evidence to support such an award.

A meager statement of facts consisting of nine typewritten pages of testimony accompanied the appellate record. The statement of facts contained only the testimony of appellee.

We address Cecil's first contention challenging the sufficiency of Hydorn's petition to state a cause of action against her.

The petition states in pertinent part: On or about October 3, 1983, plaintiff and defendants entered into an employment agreement to employ plaintiff as director of chemistry and research for

defendant Evelco Corporation for a period of two years at a salary of $22,500.00 per annum, payable twice monthly ... Exhibit "A," a letter executed by Polly C. Kreitz, vice president of defendant Evelco Corporation, attached hereto and meant to be incorporated herein as if set forth fully and verbatim, evidences this two year employment agreement.

Appellant argues that the pleading failed to state a cause of action against her individually because the attached exhibit, upon which Hydorn based his cause of action, neither mentioned her nor contained her signature.

Appellant relies upon the rule holding that where an obligation alleged in the pleading does not conform to the writing exhibited as a basis thereof, the document rather than the pleading controls. The rule has been more correctly stated in such cases as *Davis v. Nichols*, 124 S.W.2d 881 (Tex.Civ.App.—Dallas 1939, no writ); *Paul v. Houston Oil Co. of Texas*, 211 S.W.2d 345 (Tex.Civ.App.—Waco 1948, writ ref'd n.r.e.); *Lewis v. Pittman*, 191 S.W.2d 691 (Tex.Civ.App.—Eastland 1945, no writ); *Supreme Camp of the American Woodmen v. Summers*, 134 S.W.2d 315 (Tex.Civ. App.—Waco 1939, no writ), thusly:

> It is always the duty of the plaintiff to allege facts sufficient to make out a prima facie cause of action, and where his declarations or complaint are sufficient, but in conflict with the written instruments copied, in extenso, in his petition, such declarations or complaint are mere conclusions of the pleader and must yield to the terms and conditions of the written instruments.

*Davis*, 124 S.W.2d at 884. Thus the rule can only have application to the instant case if the allegations in appellee's petition are conflicted, contradicted or varied with the attached exhibit.

Examination of the exhibit attached reveals such a conflict. Hydorn's petition alleged that he and Cecil entered into an employment agreement evidenced by Exhibit A attached to the petition. However, the exhibit showed no such agreement between them. It neither mentioned Cecil nor contained her signature in any capacity. Consequently, we sustain Cecil's first point of error insofar as her personal liability for damages resulting from the breach of the employment contract.

However, because the petition stated a cause of action for moving expenses separate from the cause of action based upon the employment contract, Cecil remains personally liable for those expenses as reflected in the final judgment. In addition to the employment agreement, Hydorn alleged that Cecil and the other defendants agreed to "absorb all reasonable moving costs and interview expenses incurred pursuant to the above referenced employment agreement." Later, the petition specifically sought $543.02 for interview expenses and $1,391.52 for moving expenses. The court's final judgment awarded damages for moving expenses, but not for interview expenses. Therefore, Cecil remains personally liable for $1,391.52 in moving expenses.

We reverse that portion of the judgment finding Evelyn Cecil personally liable to Michael Hydorn for damages resulting from the breach of the employment contract. We sustain that part of the judgment finding Evelyn Cecil personally liable for $1,391.52 in moving expenses. As modified, we reverse and render.

CANTU, J., dissents.

CANTU, Justice, dissenting.

I register my most vigorous dissent. The facts enumerated in the majority opinion are substantially correct. They are, however, noticeably incomplete.

I write to register my displeasure at the treatment accorded the record through selective recitation of facts constituting the record.

In addition to the facts recited in the majority opinion, it is clear from the appellee's original petition that appellant was alleged to be the president of Evelco Corporation and Reaching Out Corporation and that appellant's address, as well as the two corporate addresses, were one and the same. Appellant argues that exhibit "A,"

the letter attached to the petition, implicates only Evelco Corporation since it makes no mention of her. Appellant thus concludes that the contract is only between Evelco Corporation and appellee and that the attached exhibit clearly establishes that appellant was not a party; hence it likewise establishes the invalidity of the claim.

Appellant does not contend that appellee's original petition fails to allege a cause of action altogether. Clearly it does. Appellant, rather, takes the position that the *pleadings* fail to state a cause of action against her individually because the attached exhibit negates the possibility of her participation as a party to the contract. The fallacy in this argument is obvious. The pleadings include the petition and its exhibit. The exhibit does not constitute the entire pleadings.

The majority, while recognizing the correct rule, does a disservice to it in application.

The general rule is that where an obligation alleged in the pleading does not conform to the writing exhibited as a basis thereof, the document rather than the pleading controls. *Starlight Supply Company v. Feris,* 462 S.W.2d 608 (Tex.Civ. App.—Austin 1970, no writ); *Copeland v. Hunt,* 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

But the rule recognizes that the pleadings as a whole are looked to in determining whether a prima facie cause of action is made out. Only then is a comparison made between the components making up the pleadings, that is, the petition and its exhibit, to determine if a conflict exists between the allegations in the petition and those reflected in the exhibit. If a conflict does exist between the two instruments, then the petition must yield to the exhibit. *See Davis v. Nichols,* 124 S.W.2d 881 (Tex.Civ. App.—Dallas 1939, no writ); *Paul v. Houston Oil Co. of Texas,* 211 S.W.2d 345 (Tex. Civ.App.—Waco 1948, writ ref'd n.r.e.);

*Lewis v. Pittman,* 191 S.W.2d 691 (Tex.Civ. App.—Eastland 1945, no writ); *Supreme Camp of the American Woodmen v. Summers,* 134 S.W.2d 315 (Tex.Civ.App.—Waco 1939, no writ).

The majority appears to recognize that the rule only applies if the allegations in appellee's petition are in conflict, are contradictory or at variance with the attached exhibit.

However, the only reference to the alleged conflict in the majority opinion, i.e.: that Hydorn and Cecil entered into an employment agreement as evidenced by Exhibit A although the exhibit does not expressly show such an agreement, is not evidence of such a conflict. Undoubtedly, the execution of the instrument attached as an exhibit evidences the relationship created and subsequently resulting in a breach giving rise to a cause of action. It is therefore the foundation of the cause of action but not the cause of action itself. Clearly the petition recites additional facts not contained in the exhibit. But this is not tantamount to a conflict where neither instrument is at odds with the other. Each merely complements the other.[1] The majority's position is curiously at odds with itself inasmuch as it then recognizes that the pleadings nevertheless state another cause of action not reflected by the exhibit. Thus the petition is looked to without regard to the exhibit as to other matters.

The petition alleges that appellant was hired by the various defendants to work for Evelco Corporation. The exhibit, while not mentioning appellant nor Reaching Out Corporation clearly indicates that employment was to be with Evelco Corporation as alleged in the petition. Thus while the exhibit does not mention appellee as a party to the contract, it does not conflict with the allegations in the petition. I do not believe that a conflict arises through si-

---

1. "There is no statute, or rule having the effect of a statute, * * *, requiring that an instrument constituting the foundation of a cause of action alleged in a petition, be set out as an exhibit. * * While exhibits of the kind permitted may be made, they are to aid the pleadings by making more certain and readily understood allegations contained in the pleading and cannot supply the place of an omitted fact." *Columbus Mutual Life Ins. Co. v. Oldham,* 115 S.W.2d 694 (Tex. Civ.App.—Eastland 1938, writ dism'd).

lence.[2] Apparently neither does the majority insofar as other claims are found to be sustainable on the basis of the petition.

I cannot agree that the pleadings, when read together with the exhibit, fail to state a cause of action against appellant. I refuse to believe that attaching an exhibit to the petition results in the cancellation of the allegations contained in the petition, thus leaving only the exhibit as a live pleading merely because each supplies independent, different, but consistent allegations.

I dissent to the disposition made by the majority and would overrule appellant's contention.

---

2. The purpose of an exhibit is to aid, elucidate and explain the specific allegations in the pleadings and not to control. It does not, by itself, constitute allegations upon which issues may be formed irrespective of the allegations made in relation to it. *Burks v. Watson,* 48 Tex. 107 (1877); *Browning v. El Paso Lumber Co.,* 140 S.W. 386 (Tex.Civ.App.—El Paso 1911, no writ).