**FAIRDALE LIMITED, Appellant,**

v.

**Deanne S. SELLERS, Appellee.**

**No. B3010.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1982.

Rehearing Denied May 20, 1982.

Matt Rubin, Holtaman & Urquhart, Houston, for appellant.

Deanne S. Sellers, Weitinger, Steelhammer & Tucker, Houston, for appellee.

Before PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Fairdale Limited, a limited partnership, (appellant) appeals the trial court's entry of a default judgment in Deanne S. Sellers' (appellee) favor for damages for breach of warranty in the sale of a townhome as prescribed under the Texas Deceptive Trade Practices Act. The trial court held a hearing to determine the amount of recovery and awarded appellee $4,613.49 plus interest and attorney's fees. Appellant asserts three points of error challenging service of process, the trial court's rendering the default judgment against it and refusal to set

the judgment aside or grant a new trial. We affirm.

Appellee filed her original petition on December 11, 1980. In it she claimed injury and damages due to breach of warranty pursuant to a contract for sale of a townhome against appellant and Quality Cabinets, Inc. (Quality), also named as a defendant, for faulty cabinet construction under Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon Supp. 1982). The trial court entered an interlocutory default judgment on August 6, 1981, granted appellee's motion for severance of the cause of action against Quality, and signed the final judgment on September 11, 1981. Appellant responded with its timely motion to set aside and vacate the default judgment and motion for new trial on September 22, 1981, which the trial court overruled on November 9, 1981.

■ Appellant's first and second points of error contend the trial court erred in rendering the default judgment in appellee's favor and overruling its motion to set aside and vacate the default judgment and for a new trial because appellee's pleadings failed to state a cause of action. Numerous decisions of the Texas Supreme Court provide that a plaintiff's pleading on its face must allow the trial court to determine the elements of the cause of action and the relief sought by providing sufficient information upon which a judgment may be based. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 234 (1958); *Stoner v. Thompson,* 578 S.W.2d 679, 682–683 (Tex.1979). The purpose of these requirements is to provide a defendant with fair notice. 578 S.W.2d at 683. A default judgment will be sustained if substantive law will grant relief based upon the claim alleged. *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 115 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The original petition here states the parties' respective addresses, provides for service, asserts breach of warranty based upon a contract for the sale of a townhouse pursuant to the Texas Deceptive Trade Practices Act, and demands recovery of damages. We hold that although skeletal, appellee's petition sufficiently

complies with the requirements of the above authorities and Tex.R.Civ.P. 45 and 47 to provide appellant with fair notice. Moreover, appellant's contention that the trial court abused its discretion by refusing to set aside the default judgment or grant a new trial is without merit because its motion and affidavit fail to present a meritorious defense required where pleadings are sufficient. *See, Aetna Life & Casualty Company v. Lyon,* 576 S.W.2d 114, 115–116 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). We find neither error nor abuse of discretion and overrule appellant's first and second points of error.

■ Appellant's third point of error challenges the service of process contending the return of citation fails to reflect the trial court properly acquired jurisdiction over appellant. The return indicates a David M. Newcomb received the citation on March 6, 1981, as the representative for appellant at the address where appellant was located. Newcomb by the sworn affidavit attached to appellant's motion to set aside and vacate the default judgment and new trial, admits he is the general partner of appellant, a limited partnership and that he was served. The situation before us is analogous to that presented in *NRTRX Corporation v. D.C. Story,* 582 S.W.2d 225 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r.e.) and *Sheshunoff & Co., Inc. v. Scholl,* 560 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1977), *rev'd on other grounds* 564 S.W.2d 697 (Tex.1978). In *NRTRX,* which involved a corporation, service was held sufficient to acquire jurisdiction where the return showed service upon the president of defendant company and in its motion to set aside and vacate the default judgment and motion for new trial the corporation admitted the fact of service. 582 S.W.2d at 227. In *Sheshunoff* the court held that where the return showed service upon defendant through its representative, no extrinsic evidence of agency was required absent a motion to quash. 560 S.W.2d at 116. We find appellant received service through its general partner whose address was also set forth in the petition and who admitted to

receipt of service in the affidavit attached to its motion. We accordingly overrule appellant's third point of error and affirm the trial court's judgment.

Affirmed.