FAIRDALE LIMITED, Petitioner,

v.

Deanne S. SELLERS, Respondent.

No. C-1376.

Supreme Court of Texas.

Dec. 8, 1982.

Holtzman & Urquhart, Jack E. Urquhart and Thomas W. Taylor, Houston, for petitioner.

Weitinger, Steelhammer & Tucker, Larry S. Lee, Houston, for respondent.

CAMPBELL, Justice.

This is an appeal of the denial of a motion to set aside a default judgment and to grant a new trial. Deanne S. Sellers was awarded a default judgment against Fairdale, Limited. Fairdale's motion to set aside the default judgment and to grant it a new trial was denied by the trial court. The court of appeals affirmed the trial court judgment. Opinion unpublished. Tex.R.Civ.P. 452.

■ A default judgment must be supported by a petition which states a cause of action. *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58 (1952). In determining if a cause of action has been pleaded, the court must be able to determine from the pleadings alone the elements of the cause of action and the relief sought with reasonable certainty and without resorting to other sources. The purpose of this rule is to provide fair notice to the defendant of the basis of a plaintiff's cause of action. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

We must first determine whether Sellers' petition states a cause of action. We hold it does not. Sellers pleaded:

Plaintiff would show that she entered into a contract to purchase Townhome Unit No. 3 in Building 4 of Briar Hollow, Houston, Harris County, Texas, on June 30, 1980. A copy of the contract is attached hereto and incorporated herein for all purposes.

Plaintiff would further show that after moving into the townhouse, she proceeded to put all furnishings in their proper place, including kitchen items in the kitchen cabinets. Unknown to the Plaintiff, there were hidden and latent defects in the construction of the kitchen cabinets, and as a result of the defects, the cabinets pulled away from the wall and crashed to the floor destroying numerous kitchen items of Plaintiff and causing extensive damage to the cabinets and walls.

Plaintiff would show that as a result of the defects in the cabinets, she has suffered damages in excess of $10,000.00. Because of a defect under a warranty, your Plaintiff requests all compensation to which she would be entitled, plus damages under the Texas Deceptive Trade

Practices Act, and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citations be issued and served upon Defendants and that upon final hearing she may recover judgment against Defendants for the damages she has suffered and as outlined above in pleading, together with all interests, costs of Court, attorney's fees, and such other and further relief to which Plaintiff may show herself justly entitled.

Although the petition states a copy of the sales contract is attached, it was not attached. The petition does not allege that Sellers contracted with Fairdale, that Fairdale built the townhome, that Fairdale provided or installed the cabinets, that Fairdale was responsible for the hidden or latent defects, or that Fairdale warranted the cabinets. In fact, there is no allegation in the petition of any duty owed by Fairdale to Sellers or an allegation of a breach of any duty. Therefore, the petition does not state a cause of action against Fairdale and the default judgment cannot stand.[1]

The judgments of the courts below are reversed and the cause is remanded for trial.

ROBERTSON, J., not sitting.

1. Rule 90. Waiver of Defects in Pleading

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.