Charles R. HANKSTON, Appellant,

v.

EQUABLE ASCENT FINANCIAL f/k/a
Hilco Receivables, LLC, Appellee.

No. 09–12–00049–CV.

Court of Appeals of Texas,
Beaumont.

Submitted June 27, 2012.

Decided Oct. 4, 2012.

Charles R. Hankston, Houston, pro se.

Anh H. Regent, Davis Jackson, Regent & Associates, Houston, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

In this appeal from a default judgment, Charles Hankston argues in part that he was wrongfully accused of not paying a bill that is not his. He explains he did not sign for the account, he was never in the store, he did not receive anything for the account, and he is not liable for the account. Hankston's answers to requests for admissions, filed after the default judgment as part of his notice of appeal, explain that Hankston had no knowledge an account had been opened, that the statements first started coming in Patricia Spears's name, but then his name was added, and that he informed "plaintiff's predecessor" about the dispute "several times[,]" and was informed by "[p]laintiff['s] agents" "that the card was in Patricia Spears [n]ame and not [his]." The statements stopped coming, and so Hankston thought that the matter was resolved.

In its brief, appellee asserts that appellant obtained a credit card from GE Money Bank, and that GE Money Bank sold the account to appellee. Appellee argues that, as assignee of the account, it "is entitled to the damages sought herein."

■■■ The appellate rules instruct that "briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case[.]" Tex.R.App. P. 38.9. The briefing rules are to be construed liberally. *See Tex. Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 54 (Tex.1998). Appellant's brief and notice of appeal assert, in effect, that no valid cause of action was alleged against him. Appellee responds that it may sue under breach of

contract, "[o]pen and [a]ccount [s]tated [t]heory," and quantum meruit.[1]

 In an appeal from a default judgment, an appellate court does not conduct a review of the sufficiency of the evidence to support a defendant's liability. *See Texaco, Inc. v. Phan,* 137 S.W.3d 763, 770 (Tex.App.-Houston [1st Dist.] 2004, no pet.). But a default judgment must be supported by a petition that states a cause of action against the defendant. *Fairdale Ltd. v. Sellers,* 651 S.W.2d 725 (Tex.1982); *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58, 60 (1952). A court cannot "read into the petition a claim that it does not contain." *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 336 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (summary judgment appeal). The pleading must give fair notice of the relief sought. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979).

The rule of procedure providing that pleading defects in form and substance can be waived does "not apply as to any party against whom default judgment is rendered." Tex.R. Civ. P. 90. Similarly, "[t]he procedure regarding an affidavit to support a default judgment has always been most exacting[.]" *Griswold,* 249 S.W.2d at 60–61(citing Rule 90, and reversing a default judgment because the supporting affidavit did not meet the requirements of Rule 185).

In *Fairdale,* the plaintiff sued two defendants over the sale of a townhome, and obtained a default judgment against Fairdale Limited. *See Fairdale Ltd. v. Sellers,* 640 S.W.2d 627, 628 (Tex.App.-Houston [14th Dist.] 1982), *rev'd,* 651 S.W.2d 725 (Tex.1982). Holding that the petition was sufficient and provided Fairdale with fair

notice, the court of appeals affirmed the judgment. *Fairdale,* 640 S.W.2d at 628–29. In reversing the default judgment, the Supreme Court explained as follows:

> Although the petition states a copy of the sales contract is attached, it was not attached.... In fact, there is no allegation in the petition of any duty owed by Fairdale to Sellers or an allegation of a breach of any duty. Therefore, the petition does not state a cause of action against Fairdale and the default judgment cannot stand.

*Fairdale,* 651 S.W.2d at 726. In a footnote, the Court quoted Rule 90, the waiver-of-defects-in-pleadings rule, which provides that the rule does not apply to a party against whom default judgment is rendered.

In this case appellee, claiming to be the current owner of an indebtedness, sued two defendants. The pleading references supporting "attached documentation[,]" but neither the underlying contract nor an assignment is attached to the petition. What is attached does not reference an assignment but rather seems to describe the appellee's own account. *See Cecil v. Hydorn,* 725 S.W.2d 781, 782 (Tex.App.-San Antonio 1987, no writ) (When an obligation alleged in a pleading does not conform to the exhibit attached as the basis of the obligation, the document rather than the pleading controls.). Neither the petition nor any attached document names the original lender. The petition includes only an account number, but does not name the defendant who opened the account or signed the contract. *See Lambert v. Dealers Elec. Supply, Inc.,* 629 S.W.2d 61, 63 (Tex.App.-Dallas 1981, writ ref'd n.r.e.) (op. on reh'g) ("[O]nly those matters *alleged* in the body of the petition are mat-

---

1. Appellee attached three exhibits to its brief. An appellate court cannot consider documents not in the record. *See Burke v. Ins.*

*Auto Auctions Corp.,* 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied).

ters upon which defendant is placed upon notice that plaintiff intends to prove upon trial."). Appellant's name is misspelled in the preamble, the only place in the petition other than the style where he is named, and the petition (filed in Orange County) does not provide the appellant's residence (in Harris County), although that was known. *See* Tex.R. Civ. P. 79. The body of the pleading refers to only one defendant, though not by name, an allegation consistent with appellant's argument that he did not sign the contract or open the account. *See Lambert,* 629 S.W.2d at 63. But appellee seeks to hold both defendants liable for the alleged amount.

In the petition, appellee also states: "However, this amount may not include any payments or credits occurring after the date of this petition or the date of the affidavit of [p]laintiff's representative." The attached "affidavit" appears to be dated eleven months before the default judgment is signed, and refers to a single unnamed "defendant." The affidavit is an apparent attempt to support a suit on account under Rule 185, but the affidavit does not state the "claim is, within the knowledge of affiant, just and true...." *See* Tex.R. Civ. P. 185; *see also Griswold,* 249 S.W.2d at 61 (reversing default judgment because affidavit did not meet the requirements of Rule 185). Although the affidavit uses the singular "defendant," it does not state which defendant allegedly owes the debt. The petition contains no assertion that the account was "for goods, wares and merchandise," for material furnished, for personal services rendered, or for labor done or furnished. *See* Tex.R. Civ. P. 185; *see also Hollingsworth v. Nw. Nat'l Ins. Co.,* 522 S.W.2d 242, 245 (Tex. Civ.App.-Texarkana 1975, no writ). Furthermore, appellee was not a party to the original transaction. *See Volvo Petroleum, Inc. v. Getty Oil Co.,* 717 S.W.2d 134, 138 (Tex.App.-Houston [14th Dist.] 1986, no

writ) ("Such accounts, though verified, are hearsay as to such parties[.]"), *overruled on other grounds by Sosa v. Cent. Power & Light,* 909 S.W.2d 893, 895 (Tex.1995).

■■ Appellee argues that the pleading nevertheless is sufficient as a suit on an open account and on an account stated. But the petition does not include an allegation that the appellant agreed that the balance alleged to be due is correct. *See E. Dev. & Inv. Corp. v. City of San Antonio,* 557 S.W.2d 823, 824–26 (Tex.Civ.App.-San Antonio 1977, writ ref'd n.r.e.); *Unit, Inc. v. Ten Eyck–Shaw, Inc.,* 524 S.W.2d 330, 334 (Tex.Civ.App.-Dallas 1975, writ ref'd n.r.e.). Rather, the petition itself includes an assertion that the amount may not reflect all payments made. And while the appellee also attempts to assert an action for quantum meruit, the pleading contains no assertion that appellee provided valuable services or materials to appellant. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). Also, the discovery requests in the petition reference an express contract. *See id.* ("Generally, a party may recover under quantum meruit only when there is no express contract[.]").

The single document filed by appellee and served (by substitute service) on appellant is entitled "Plaintiff's Original Petition, Request for Disclosures, and Request for Admissions." The discovery requests are embedded in the petition. *See Sherman Acquisition II LP v. Garcia,* 229 S.W.3d 802, 812 (Tex.App.-Waco 2007, no pet.) ("[B]y our holding we express no opinion upon the propriety of this form of request for admissions or its service."); *compare Oliphant Fin., LLC v. Galaviz,* 299 S.W.3d 829, 837–38 (Tex.App.-Dallas 2009, no pet.).

■ It appears from appellee's request for admissions in the petition that it

sought to support a claim that included an 18% interest rate and fees on an express contract. While it is not necessary to attach a copy of a written contract, a petition asserting a breach of an express contract should at least contain allegations of the material provisions of the contract. *See Twin City Bowling Lanes, Inc. v. C.I.T. Corp.*, 376 S.W.2d 94, 95–96 (Tex.Civ.App.-Fort Worth 1964, no writ); *Joe B. Winslett, Inc. v. City of Hamlin*, 56 S.W.2d 237, 238–39 (Tex.Civ.App.-Amarillo 1932, no writ). And the petition should be consistent with attached exhibits. *See Cecil*, 725 S.W.2d at 782.

Including the discovery requests in the petition confuses the different purposes of discovery and pleading; the questionable procedure followed by appellee worked to diminish the function of the pleading. *See* Tex.R. Civ. P. 45, 46, 47; *see also generally Stoner*, 578 S.W.2d at 683 (fair notice requirement). The pleading includes two separate instructions that the responses are due 50 days after service of the requests. Without further explanation, appellee also alleges in the petition that the 50 day deadline "does not alter any deadline to answer this lawsuit as set forth in the citation." Before the 50 days expired, appellee had obtained the default judgment.

By signing a discovery request, an attorney certifies that the discovery request "is consistent with the rules of civil procedure and these discovery rules[.]" *See* Tex.R. Civ. P. 191.3(c)(1). Rule 191.4 provides in part that discovery requests to parties are not to be filed, but the petition with the embedded discovery requests was filed, a reflection of the inconsistency of appellee's document. *See* Tex.R. Civ. P. 191.4. "The permissible forms of discovery may be combined in the same document and may be taken in any order or sequence." Tex.R. Civ. P. 192.2. But the Rules of Civil Procedure do not authorize the inclusion of a discovery request in a petition or as an exhibit to the petition. *See* Tex.R. Civ. P. 45, 46 ("one instrument of writing"), 59 ("No other instrument of writing shall be made an exhibit in the pleading."), 191.4. The effect of the embedding was to create conflicting dates for responses to a single writing. Though appellant responded to the request for admissions, appellant did not timely answer the petition. Default judgment was rendered before responses to the discovery requests were due.

Although appellee alleged that supporting documents were attached, appellee did not attach a contract with appellant or an assignment of the contract. *See Fairdale*, 651 S.W.2d at 726. The attached affidavit does not name appellant or meet the requirements of Rule 185. *See Griswold*, 249 S.W.2d at 60–61. Appellee did not allege a cause of action specifically naming appellant in the averments of the petition as the party who allegedly breached a contract. *See* Tex.R. Civ. P. 50. The default judgment is not supported by a petition that states a cause of action against Charles Hankston. *See Fairdale*, 651 S.W.2d at 726; *Crown Asset Mgmt., L.L.C. v. Loring*, 294 S.W.3d 841, 843 (Tex.App.-Dallas 2009, pet. denied) ("The petition does not, however, provide any identifying information about the underlying contract[.] ... Given the complete absence of even basic information in this petition ... [plaintiff] was not entitled to a default judgment."). We reverse the judgment and remand the case to the trial court.

REVERSED AND REMANDED.