In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00023-CV
_____

MARK A. GONZALEZ, Appellant

V.

REMAE, INC., Appellee

_____

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 14-07-08062-CV

_____

**MEMORANDUM OPINION**

Appellant Mark A. Gonzalez, *pro se*, appeals from a no-answer default judgment rendered against him and in favor of Remae, Inc. Gonzalez, who was also *pro se* in the trial court, raises various challenges to the judgment. We affirm the trial court's judgment.

**I. Background**

According to the evidence in the appellate record, on March 31, 2008, M & T Gonzalez Family Limited Partnership ("M & T") and Lil' Texans Learning

1

Center, L.L.C. ("Lil' Texans") entered into a promissory note with Reliance Bank for the principal amount of $1,226,000 (the "Note"). The Note was executed by Gonzalez as a manager for both M & T and Lil' Texans. Tammy Gonzalez also executed the Note as a manager of M & T. The Note was secured by a first lien deed of trust against property located in Galveston County, Texas. Gonzalez also executed a Guaranty Agreement wherein he gave Reliance Bank a personal guarantee of all obligations under the Note and deed of trust[1]. The Guaranty Agreement recited that the guarantors' obligations were joint and several and the lender was not obligated to proceed against the borrower on the Note before seeking to enforce payment by a guarantor. The sworn affidavit of Remae's attorney alleged that on January 25, 2013, Reliance Bank assigned the Note, the deed of trust, and the Guaranty Agreement to Remae, Inc. ("Remae").

Ultimately, Remae filed suit against Gonzalez on July 24, 2014, for defaulting on the Guaranty Agreement. Remae alleged that at some point, M & T and Lil' Texans, the principal obligors on the Note, defaulted in paying the Note and that on March 5, 2013, Remae foreclosed on the Note under the deed of trust. According to Remae, after applying the proceeds from the foreclosure sale of the

---

[1]The Note also recited that Tammy Gonzalez executed a personal guarantee. The record does not include a copy of her personal guarantee and she is not a party to this appeal.

Galveston property, a principal deficiency amount remained and was due and owing on the Note. Remae alleged that it made demand on Gonzalez, as guarantor of the Note, for the deficiency amount and interest, but Gonzalez failed to pay the debt. The record includes a return of service stating that Gonzalez was properly served with personal service on August 15, 2014, and the return of service was filed August 29, 2014.

On November 20, 2014, Remae filed a motion for entry of default judgment alleging that Gonzalez had not filed an answer or otherwise appeared in the suit despite having been duly served. Remae's motion was supported by affidavit, which included a business records affidavit submitting an executed copy of the Note, the Guaranty Agreement, and other documentation evidencing the debt owed to Remae. The motion was also supported by a certificate of last known address for Gonzalez, an affidavit supporting attorney's fees, and a non-military affidavit. On December 17, 2014, the trial court granted default judgment against Gonzalez. On January 14, 2015, Gonzalez filed a notice of appeal. On January 16, 2015, Gonzalez filed a motion for new trial. We note that in his appellate brief, Gonzalez complains that the trial court did not rule on his motion for new trial. However, Gonzalez's motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c) (providing that when a motion for new trial "is not determined by

3

written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period").

## II. Appellate Requirements

"Initially, we must note that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *In re Office of Attorney Gen. of Tex.,* 193 S.W.3d 690, 693–94 (Tex. App.—Beaumont 2006, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). The pro se appellant must also properly present its case on appeal, as at trial. *Strange, 126 S.W.3d at 677.*

While appellate courts should reach the merits of an appeal whenever reasonably possible and construe a pro se litigant's brief liberally, the rules of appellate procedure require appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). An issue unsupported by argument or citation to any legal authority presents nothing for the court to review. *Plummer v. Reeves,* 93

4

S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); s*ee also Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). "[The parties] must put forth some specific argument and analysis showing that the record and the law support[] their contentions." *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Strange,* 126 S.W.3d at 678.

### III. Jurisdiction and Venue Issues

In his motion for new trial and on appeal, Gonzalez contends "Galveston County has jurisdiction over this Petition[]" and that "[t]here is no evidence to support that Montgomery County has jurisdiction[.]" In his appellate brief, Gonzalez does not cite to relevant legal authority, attempt to apply relevant authority to the facts of this appeal, or cite to the appellate record.

In his appellate brief, Gonzalez appears to confuse the concepts of venue and jurisdiction. The question of venue involves "where a suit may be brought and is a different question from whether the court has jurisdiction of the property or thing in controversy." *Gordon v. Jones*, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (internal quotes omitted). In its petition, Remae alleged that

5

Gonzalez may be served by personal service within the State of Texas and that the "subject matter in controversy is within the jurisdictional limits" of the district court. Remae further alleged that venue was proper in Montgomery County because Gonzalez "contractually agreed to the jurisdiction and venue in [Montgomery County]". In support of its claims, Remae submitted a copy of the Guaranty Agreement. The Guaranty Agreement contains a forum-selection clause that provides in pertinent part: "THE GUARANTORS HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF ALL THE STATE AND LOCAL COURTS OF MONTGOMERY COUNTY, TEXAS, AND OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS. . . ." Gonzalez's signature appears on the Guaranty Agreement, which was acknowledged by a notary.

A forum-selection clause is essentially a contractual agreement whereby the parties agree in advance to submit their disputes for resolution within a particular jurisdiction. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 700 (Tex. App.—Dallas 2010, no pet.). "Forum-selection clauses are generally enforceable and presumptively valid." *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam). The party seeking to show the clause should not be enforced bears a heavy burden to clearly show "'(1) enforcement would be

6

unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial." *Id.* (quoting *In re ADM Inv'r Servs., Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) (orig. proceeding)).

Here, Remae's claims are based on the Guaranty Agreement, which included a forum-selection clause that provided for jurisdiction and venue in Montgomery County, Texas. Gonzalez has provided no argument or citations to authority or to the record to show why the forum-selection clause of the agreement should not be interpreted and enforced as Remae contends.

Remae further pleaded that the subject matter in controversy is within the jurisdictional limits of the district court. *See* Tex. Const. art. V, § 8. Gonzalez maintains that jurisdiction would be proper in the district court in Galveston County, and he does not specifically contest subject matter jurisdiction. To the extent Gonzalez's brief could be construed as including a challenge to personal jurisdiction, we note that Gonzalez did not file a special appearance. *See* Tex. R. Civ. P. 120a. In the trial court, Gonzalez filed a motion for new trial, which was also not made subject to a special appearance. *See Global Paragon Dallas, LLC v. SBM Realty, LLC,* 448 S.W.3d 607, 612 (Tex. App.—Houston [14th Dist.] 2014, no

7

pet.) (stating that a defendant who wishes to challenge personal jurisdiction after default judgment has been rendered should file a special appearance and then a motion for new trial subject to his special appearance); *cf. Puri v. Mansukhani*, 973 S.W.2d 701, 707 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that defendant did not enter a general appearance and preserved his special appearance by making his motion for new trial strictly subject to his special appearance). Here, by filing the motion for new trial without having previously filed a special appearance, Gonzalez made a general appearance in the case. *See Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied) ("A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance."). Thus, Gonzalez waived any challenge to personal jurisdiction.

To the extent, if any, that Gonzalez challenges venue, we note that our review of the appellate record reflects that Gonzalez did not file a motion to transfer venue with the trial court. Generally, venue may be proper in many different counties and plaintiffs are given the right to choose where to file their case. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994).

8

When a defendant does not properly challenge venue, then venue is fixed in the county in which the plaintiff filed suit. *Id.* To object to venue, the movant must file a written motion to transfer prior to or concurrently with any other plea, pleading, or motion; otherwise the objection to venue is waived. Tex. R. Civ. P. 86(1). Remae brought the lawsuit in Montgomery County and asserted the forum-selection clause in the guaranty agreement to support venue in Montgomery County. The burden of proof is not on the party seeking to enforce a forum-selection clause, but on the party challenging the clause to defeat venue in that county. *In re AIU Ins. Co*., 148 S.W.3d 109, 113 (Tex. 2004).

Here, Gonzalez did not file a proper motion seeking to transfer venue or challenge the forum-selection clause by one of the methods a party can use to challenge a forum-selection clause as established by the Texas Supreme Court in *In re Lyon Fin. Servs., Inc.* 257 S.W.3d 228, 231–32 (Tex. 2008). We conclude that Gonzalez waived any challenge to proper venue of the lawsuit. Therefore, we overrule Gonzalez's challenge to jurisdiction and venue.

## IV. Default Judgment

We liberally interpret Gonzalez's brief as arguing the trial court abused its discretion in denying his motion for new trial. To set aside a default judgment, a defendant generally must establish the three elements presented in *Craddock v.*

9

*Sunshine Bus Lines*: "(1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). When a defaulting party meets all three elements, then a trial court abuses its discretion if it fails to grant a new trial. *Id*. at 926.

On appeal, Gonzalez does not specifically assert that he met the *Craddock* elements; rather, he contends that he did not receive notice that this case was set by the trial court for default judgment by submission on December 3, 2014. "However, after a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition." *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied). Gonzalez does not deny that he was properly served with citation and the record includes a copy of the return of service, which indicates that Gonzalez was personally served with citation and the petition. Accordingly, Remae was not required to notify Gonzalez before taking a default judgment. *See id*. However, even if Remae was

10

required to notify Gonzalez of the hearing, there is evidence in the record that Remae mailed Gonzalez notice of the submission of the default judgment to his last known address via certified mail return receipt requested.

Construing his brief liberally, Gonzalez argues that he did not enter into a contract with Remae, and the default amount is subject to review. He also asserts that "[a] divorce with Spouse awarded Spouse full control of the property/business decisions[,]" without further argument, explanation, citation to authority, or citation to the record. He made these same arguments to the trial court in support of his motion for new trial. However, Gonzalez does not cite to the record, and we find no evidence or affidavits in the record to support his contentions. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993) (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (explaining that establishing a meritorious defense under *Craddock* requires not only alleging facts that constitute a defense to the cause of action asserted by plaintiff but also supporting those facts by affidavits or other evidence proving prima facie that the defendant has a meritorious defense); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992) (explaining that conclusory allegations are insufficient to satisfy the Craddock test). We conclude that Gonzalez failed to satisfy the meritorious defense element of the *Craddock* test. However, not only are Gonzalez's conclusory statements

11

insufficient to show that he had a meritorious defense under *Craddock*, but Gonzalez also failed to satisfy the other two elements of *Craddock* in that he did not show that his failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake or that granting his motion for new trial would not cause delay or otherwise injure Remae. *See Craddock*, 133 S.W.2d at 126. The trial court did not err in overruling Gonzalez's motion for new trial.

To the extent Gonzalez's remaining arguments could be construed as a challenge to the sufficiency of the evidence to support the judgment, it is well settled that "[i]n an appeal from a default judgment, an appellate court does not conduct a review of the sufficiency of the evidence to support a defendant's liability." *Hankston v. Equable Ascent Fin.*, 382 S.W.3d 631, 633 (Tex. App.—Beaumont 2012, no pet.). The defaulting defendant admits all facts properly pled in the plaintiff's petition except for the amount of unliquidated damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). A claim is liquidated if the trial court can accurately calculate the amount of damages from the factual, as opposed to the conclusory allegations in plaintiff's petition and the instrument in writing. *Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 711 (Tex. App.—Dallas, no pet.). Here, the trial court could calculate the amount

of damages from Gonzalez's failure to pay under the Guaranty Agreement from the documents produced in the trial court. Gonzalez did not specifically challenge the amount or award of attorney's fees and merely argued that the amount of damages was "subject to review." Moreover, testimony of the total amount due on an unliquidated damages claim may be supplied by affidavit. *See Sherman Acquisition II LP v. Garcia,* 229 S.W.3d 802, 811 (Tex. App.—Waco 2007, no pet.). Remae's motion for entry of default judgment was supported by an affidavit detailing the total amount owed. For all these reasons, we overrule Gonzalez's remaining issues.

Because we have overruled Gonzalez's issues on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 18, 2016
Opinion Delivered January 19, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.

13