# NO. 12-20-00134-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID L. ROBERTS D/B/A DAVID ROBERTS TRUCKING,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 392ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *JAY FULLER ENTERPRISES, LLC*<br>*D/B/A FULLER ENVIRONMENTAL,*<br>*APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David L. Roberts d/b/a David Roberts Trucking (Roberts) filed this restricted appeal of the trial court's order granting a no-answer default judgment in favor of Jay Fuller Enterprises, LLC d/b/a Fuller Environmental. Roberts raises five issues for our consideration. We modify and affirm as modified.

## BACKGROUND

On October 3, 2019, Fuller filed the instant suit against Roberts in the 392nd District Court of Henderson County, Texas. To explain the context of the suit, Fuller alleged as follows in his petition:

> On or about February 11, 2018, Fuller Environmental was dispatched to the scene of a motor vehicle accident involving Defendant's semi-tractor trailer and two cars, located at the intersection of Highway 175 and County Road 4515 in Athens, Texas. The tractor-trailer was driven by David L. Roberts and was owned and operated by Defendant David L. Roberts d/b/a David Roberts Trucking. Because of Defendant's negligence, massive damage was caused to Defendant's vehicle proximately causing a major spill of hazardous materials and pollutants which were discharged from the various parts of Defendant's vehicle which were designed to contain such pollutants and hazardous materials during the normal operations of the vehicle. The discharge and release of the pollutants were the direct result of damage incurred by the reason of negligence of Defendant.

As a result of damage to Defendant's vehicle, Plaintiff was requested by Defendant and a Texas Peace Officer to remove the hazardous material and pollutants from the highway at the scene of the crash.

In accordance with the laws of the State of Texas, Defendant is liable to pay for the services rendered by Plaintiff to remove from the crash scene hazardous materials and pollutants.

Alternatively, Plaintiff sues for the value of his services provided to Defendant. Defendant has failed and refused to pay the reasonable and necessary costs of the cleanup.

A citation was issued for Roberts on October 4. On October 9, Roberts was personally served with the citation and a copy of Fuller's original petition and requests for disclosure. The return of service was filed on October 17. Roberts failed to timely answer the suit.[1]

On January 21, 2020, Fuller submitted (1) a proposed final judgment, (2) affidavits establishing his damages, and (3) attorney's fees and a certificate of last known address for Roberts. On January 28, the trial court entered a final judgment against Roberts, awarding Fuller $127,237.82 in actual damages, $3,794.06 in attorney's fees, $12,723.78 in prejudgment interest, court costs, and post judgment interest. On April 23, the trial court issued a writ of execution and an abstract of judgment. In June, Roberts filed this restricted appeal.

## RESTRICTED APPEAL

Roberts alleges four grounds for setting aside the default judgment and granting a new trial: (1) Fuller's petition failed to plead a cause of action; (2) there is a fatal variance between Fuller's pleadings and the proof; (3) the trial court failed to conduct a hearing on Fuller's claim for unliquidated damages; and (4) the damage award is not supported by legally and factually sufficient evidence. In his fifth issue, Roberts argues that the judgment contains an incorrect prejudgment interest calculation.

## Standard of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30. It is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The elements necessary to prevail on a restricted appeal are that the appellant: (1) filed notice of the restricted appeal within

---

[1] *See* TEX. R. CIV. P. 99.

six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment he complains of, nor timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) is able to demonstrate error is "apparent on the face of the record." ***Ins. Co. of State of Pennsylvania v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009); ***Alexander v. Lynda's Boutique***, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30. Only the fourth element—error "apparent on the face of the record"—is in question here.

Although review by restricted appeal affords review of the entire case and thus permits the same scope of review as an ordinary appeal, the face of the record must reveal the claimed error. ***Roventini***, 111 S.W.3d at 721 (citing ***Norman Commc'ns, Inc. v. Tex. Eastman Co.,*** 955 S.W.2d 269, 270 (Tex. 1997) (decided under predecessor writ-of-error practice)). The face of the record in a restricted appeal consists of the papers on file with the court when it rendered judgment. ***Barker CATV Const., Inc. v. Ampro, Inc.***, 989 S.W.2d 789, 794 (Tex. App.— Houston [1st Dist.] 1999, no pet.) (on motion for rehearing) (citing ***General Elec. Co. v. Falcon Ridge Apartments Joint Venture***, 811 S.W.2d 942, 944 (Tex. 1991) (decided under writ-of-error practice)). Accordingly, we may not consider, as part of the record, evidence or documents that were not before the trial court when it rendered judgment. ***Barker CATV Constr.,*** 989 S.W.2d at 794–95; *see also* ***General Elec. Co.,*** 811 S.W.2d at 944. Error generally may not be inferred from silence in the record; thus, absent affirmative proof of error, a restricted appeal fails. *See* ***Alexander,*** 134 S.W.3d at 849–50 (holding silence in the record on restricted appeal about whether notice was provided in hearing to dismiss for want of prosecution amounts to absence of proof of error).

## Sufficiency of Fuller's Pleadings

In his first issue, Roberts argues that Fuller did not plead a cognizable cause of action in his petition. A default judgment is properly granted if: (1) the plaintiff files a petition that states a cause of action; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the defendant of the claim asserted; and (4) the petition does not disclose any invalidity of the claim on its face. *See* ***Paramount Pipe & Supply Co. v. Muhr,*** 749 S.W.2d 491, 494 (Tex. 1988).

In an appeal from a default judgment, an appellate court does not conduct a review of the sufficiency of the evidence to support a defendant's liability. ***Hankston v. Equable Ascent Fin.,***

382 S.W.3d 631, 633 (Tex. App.—Beaumont 2012, no pet.) (citing *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 770 (Tex. App.—Houston [1st Dist.] 2004, no pet.)).  But a default judgment must be supported by a petition that states a cause of action against the defendant. *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725 (Tex. 1982).  Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant.  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see also* TEX. R. CIV. P. 47(a) (a pleading "shall contain ...a short statement of the cause of action sufficient to give fair notice of the claim involved"). The fair notice pleading standard serves to provide the opposing party information adequate for him to prepare a defense, but also relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity.  *Elite Door & Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.); *Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.— Houston [1st Dist.] 2006, pet. denied).  In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy.  *Tapia*, 355 S.W.3d at 766; *Bowen*, 227 S.W.3d at 91.  When, as here, no special exceptions are filed, we construe pleadings liberally in favor of the pleader.  *Auld*, 34 S.W.3d at 897.

A petition is sufficient if a cause of action reasonably may be inferred from what is stated in the petition, even if an element of the action is not specifically alleged.  *Westcliffe, Inc. v. Bear Creek Const., Ltd.*, 105 S.W.3d 286, 292 (Tex. App.—Dallas 2003, no pet.); *see also* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole.").  "Mere formalities, minor defects, and technical insufficiencies will not invalidate a default judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought."  *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

Roberts argues that Fuller's petition does not allege a cause of action and contains only "vague and incomplete allegations." Specifically, Roberts argues that Fuller failed to plead that (1) Roberts owed Fuller a duty or that he breached any duty; (2) the parties entered into an express contract; (3) Fuller breached a term of a contract; (4) Fuller performed services within the scope of a contract; and (5) Fuller fully performed under a contract.

4

In order to plead a cause of action for breach of contract, a party must allege: (1) a contractual relationship between the parties; (2) the substance of the contract that supports the pleader's right to recover; and (2) a breach of the contract by the defendant. *See, e.g., **Gutierrez v. Portfolio Recovery Assocs., LLC***, No. 03-13-00311-CV, 2015 WL 869178, at *3 (Tex. App.—Austin Feb. 26, 2015, pet. denied) (mem. op.); ***Hur v. City of Mesquite***, 893 S.W.2d 227, 233 (Tex. App.—Amarillo 1995, writ denied); ***Gonzalez v. City of Harlingen***, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied). Roberts cites ***Sellers*** to support his argument that Fuller failed to plead a cause of action for breach of contract. 651 S.W.2d at 725. In ***Sellers***, the plaintiff sued the defendant and alleged in her petition that the kitchen cabinets installed in her townhome were defective. *Id.* The Texas Supreme Court reversed the trial court's order granting a default judgment against the defendant because the plaintiff's petition failed to allege a valid cause of action. *Id.* at 726. The court reasoned that the plaintiff failed to allege that the defendant (1) was a party to the contract, (2) built the home, (3) installed the cabinets, (4) was responsible for the defects, or (5) warranted the cabinets. *Id.*

We conclude that ***Sellers*** is distinguishable from this case because Fuller identified Roberts as the party who requested Fuller clean up the hazardous materials. Moreover, construing the pleadings liberally, we conclude that Fuller's petition sufficiently pleads a cause of action for breach of contract against Roberts. The petition alleges that Roberts requested that Fuller clean up the hazardous materials expelled from Roberts' truck during the collision. Roberts agreed to remove the hazardous materials and performed the cleanup. Further, the petition alleges that Fuller breached the contract by failing to pay Roberts for his services. These allegations are sufficient to allow Roberts to "ascertain the basic nature and the basic issues" of Fuller's breach of contract claim. ***Tapia***, 355 S.W.3d at 766; ***Bowen***, 227 S.W.3d at 91. Thus, we conclude that Fuller's petition sufficiently pleaded a breach of contract claim against Roberts. *See, e.g., **Gutierrez***, 2015 WL 869178, at *3; ***Hur***, 893 S.W.2d at 233; ***Gonzalez***, 814 S.W.2d at 112.

We overrule Roberts' first issue.

## Variance

In Roberts' second issue, he argues that there is a fatal variance between Fuller's pleadings and the affidavit he made and attached to the proposed default judgment. He contends that Fuller's affidavit attempts to prove a suit on a sworn account and this variance precludes

5

recovery upon any contract theory. Fuller cites *Caruso v. Krieger* for this contention. 698 S.W.2d 760 (Tex. App.—Austin 1985, no writ). In *Caruso*, the court held that the default judgment was not supported by the pleadings because the plaintiff's petition sought specific performance but the default judgment awarded monetary damages. *Id.* at 762. We fail to see how the *Caruso* holding supports Roberts' argument. Moreover, a suit on a sworn account is not an independent cause of action, but rather a procedural rule of proof for certain types of contractual claims. *See* TEX. R. CIV. P. 185; *Rizk v. Fin. Guardian Ins. Agency, Inc.,* 584 S.W.2d 860, 862 (Tex. 1979).

Roberts further argues that Fuller's affidavit precludes recovery for quantum meruit. His argument is predicated on the contention that Fuller's petition failed to sufficiently state a cause of action for breach of contract. Because we concluded that Fuller's petition established a claim for breach of contract, we reject this contention.

We overrule Roberts' second issue.

**Failure to Conduct Separate Hearing on Unliquidated Damages**

In his third issue, Roberts argues that the trial court's failure to conduct a separate hearing on Fuller's claim for unliquidated damages violates Texas Rule of Civil Procedure 243 and requires reversal. *See* TEX. R. CIV. P. 243 ("If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.").

As previously discussed, Fuller submitted affidavits detailing his damages and attorney's fees with his proposed default judgment. The trial court did not conduct a formal in court hearing, but rather entered judgment after considering the pleadings and the affidavits. Roberts argues that "[f]urnishing the court with an affidavit post-default cannot dispense with [the] requirement [that the court hear evidence]." Roberts goes on to argue that affidavits "can be probative of unliquidated damages...[b]ut only when offered and received as proof without objection at the trial of unliquidated damages." Roberts cites *Tex. Commerce Bank, Nat'l Ass'n v. New* to support his argument. 3 S.W.3d 515, 517 (Tex. 1999). In *New*, the plaintiff obtained a default judgment against the defendant and presented three affidavits to support his damages at the default judgment hearing; no oral testimony was heard. *Id*. at 515. The court of appeals held

6

that the affidavits, constituting hearsay, did not satisfy Rule 243's requirement that the trial court "hear evidence." *Id.* at 516; *see also* TEX. R. CIV. P. 243. The court of appeals reasoned that Texas Rule of Evidence 802 prohibited the use of affidavits to prove unliquidated damages in the context of a default judgment because Rule 802 anticipates opposing counsel's and/or an opposing party's presence at the hearing to object to inadmissible hearsay. *Id.* at 517; *see also* TEX. R. EVID. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay."). The Supreme Court of Texas disagreed, holding that "[b]ecause unobjected hearsay constitutes probative evidence, it satisfies the requirement of Rule 243 that there be evidence of unliquidated damages." *New*, 3 S.W.3d at 517. Roberts acknowledges the *New* holding but argues "to just attach an affidavit to a proposed judgment violates the requirement of Rule 243, that once a defendant defaults on a claim for unliquidated damages, the trial court must 'hear evidence.'" However, two of our sister courts have considered this argument and rejected it. *Krawiec v. Holt*, No. 05-17-00307-CV, 2018 WL 2126858, at *2 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.); *Silverado Truck & Diesel Repair, LLC v. Lawson*, No. 05-18-00540-CV, 2019 WL 1467966, at *1 (Tex. App.—Dallas Apr. 3, 2019, no pet.) (mem. op.); *Vortek Aviation LLC v. Krachinski*, No. 01-18-00165-CV, 2019 WL 3331027, at *8 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.).

In *Lawson*, the plaintiff sued the defendant for unliquidated damages based on claims for violations of the Texas Deceptive Trade Practices Act, negligence, breach of contract, fraud, and conversion. 2019 WL 1467966, at *1. The plaintiff moved for a default judgment and attached affidavits to his proposed final judgment which supported the damages amount set forth in the proposed judgment. *Id.* at *3. The trial court signed a final judgment awarding the plaintiff damages in the amount set forth in the affidavit. *Id.* On appeal, the defendant argued that the trial court erred by awarding unliquidated damages to the plaintiff without conducting a hearing. *Id.* at *4. The court rejected the argument and held that, for an unliquidated claim where liability is established, evidence of the total amount due is sufficient to support an award of damages and the evidence may be supplied by affidavits. *Id.* We agree with our sister court's interpretation of Rule 243's requirements and hold that the trial court did not err by failing to hold a separate damages hearing.

We overrule Roberts' third issue.

**Legal and Factual Sufficiency of the Damages Award**

In his fourth issue, Roberts argues that the evidence presented by Fuller to support the trial court's damages award is legally and factually insufficient.

The legal and factual sufficiency of the evidence to support an award of unliquidated damages may be challenged on appeal from a no-answer default judgment. *Argyle Mech., Inc. v. Unigus Steel, Inc.,* 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.). Where a specific attack is made upon the sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellate court must review the evidence produced. *Dawson v. Briggs,* 107 S.W.3d 739, 748 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005). We consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. *Id.* at 821–22. The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See id.* In reviewing a factual sufficiency challenge, we examine all the evidence and reverse only if the finding is against the great weight and preponderance of the evidence. *Whitaker v. Rose*, 218 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

As part of this issue, Roberts argues that the trial court's failure to conduct an evidentiary hearing and formally receive Fuller's affidavits is fatal because "there is effectively no evidence of damages." Having already concluded that the trial court did not err in failing to conduct an evidentiary hearing, we will not address this argument. *See* TEX. R. APP. P. 47.1. Roberts also argues that the evidence is legally and factually insufficient because Fuller referenced an agreement between himself and Roberts which precludes any recovery in quantum meruit. Having already concluded that Fuller adequately pleaded a breach of contract claim, we will not address this argument. *See id.*

Roberts further argues that the evidence is legally and factually insufficient because Fuller's affidavit, which explained that his company charged $127,237.82 for the cleanup, is

conclusory by failing to detail what materials and equipment were used, what tasks were completed, how much time each task required, or when the amount was due. Roberts goes on to argue that the invoice Fuller attached is facially defective because the invoice is dated February 12, 2018 and purports to be due thirty days later, yet the invoice documents services and materials allegedly provided after the invoice's date and in some instances, a week after the due date on the invoice. Roberts further argues that Fuller's report to the Texas Commission on Environmental Quality (TCEQ), which Fuller submitted along with his affidavit and invoice "mentions no work at all being performed on several dates for which the invoice has extensive entries and charges."

We have reviewed Fuller's affidavit, attached invoice, attached demand letter, and TCEQ report and we disagree. Fuller explains in his affidavit that he owns a business that engages in "hazmat" work. He explains that hazmat refers to both state and federal law which require environmental protection necessary after hazardous materials are spilled into the environment. Fuller states that Roberts' collision resulted in the spill of hazardous materials which required remedial hazmat work. Fuller further states that he is certified by the appropriate agencies to perform hazmat work, details his background in the industry, and asserts his familiarity with the business, materials, and equipment involved. Additionally, Fuller states that his charges are normal based on his personal knowledge of what other hazmat contractors, similar to his company in the area, charge for similar work and his knowledge and experience of industry standards based on his twenty years of experience. Fuller states that the charges for his work total $127,237.82. Attached to the affidavit is Fuller's invoice. The invoice lists the dates and times work was performed, lists the activity performed, identifies the types and quantities of materials used, lists the price for the activity performed/materials used, and states the total amount due for each entry. The invoice shows Fuller's company performed work for Roberts on February 11-12, 16, 18-21, 23, and 26 and March 1, 12-15, and 23 of 2018. Fuller also submitted his TCEQ report which provides a detailed narrative summary of the cleanup. Because Fuller's affidavit, invoice, demand letter, and TCEQ report detail the factual bases for his damages, we disagree with Roberts' contention that the three documents are "conclusory." *See* **Padilla v. Metro. Transit Auth. of Harris Cty.**, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (to avoid being conclusory an affidavit must contain factual bases for its conclusions).

We are equally unpersuaded by Roberts' argument that the evidence is insufficient because Fuller's affidavit did not establish when payment was due.  Fuller cites **Collins Fin. Servs., Inc. v. Guerrero**, wherein the court held that an affidavit in a default-judgment case was insufficient because it merely recited an outstanding balance and did not state when the balance was payable.  No. 05-07-01732-CV, 2009 WL 3032479, at *2 (Tex. App.—Dallas Sept. 24, 2009, pet. denied) (mem. op.).  In **Guerrero**, the plaintiff sued the defendant for breach of a retail installment agreement, moved for a default judgment, and attempted to support its damages by attaching an account statement indicating a past due balance and a sworn affidavit from the plaintiff's unidentified "designated agent" stating

> [t]hat the foregoing and annexed account, claim, and cause of action ... against [Guerrero] ... in the sum of $6,357.44 Dollars [sic], together with interest at the rate of 6% per annum per the terms and conditions, which amount is within the knowledge of affiant just and true, and that it is due and that all just and lawful offsets, payments and credits have been allowed.

*Id.* at *1. The court acknowledged that, for an unliquidated claim where liability is established, evidence of the total amount due is sufficient to support an award of damages and the evidence may be supplied by affidavits. *Id.* at *2.  The court held that the plaintiff could not rely on his agent's affidavit because the agent/affiant did not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge, thus the source of the affiant's knowledge was not stated and legally insufficient to establish the plaintiff's damages. *Id.*  While the plaintiff was able to rely on deemed admissions to establish the principal amount owing and the contractual interest rate, no evidence in the record established the date of the defendant's default. *Id.*  Thus, the court held the evidence insufficient because the plaintiff did not establish the date of the defendant's default rendering it impossible to calculate the interest due on the outstanding balance. *Id.*, 2009 WL 3032479, at *2.  In this case, Fuller sent a letter to Roberts on April 17, 2018, stating "[p]lease be advised this is our first attempt to collect the invoice amount from you in the amount of $127,937.82."  Fuller attached this demand letter, along with his affidavit, invoice, and TCEQ report, to his proposed default judgment.  Thus, we conclude that **Guerrero** is inapposite in this case.

Roberts has failed to provide this Court with authority, nor are we aware of any, that supports his argument that the date discrepancy on the invoice renders the evidence insufficient. Moreover, we disagree that the date of the invoice or the minimal inconsistencies in the dates of

service reflected on the invoice and the TCEQ report render the evidence insufficient. Roberts' assertion that the TCEQ report mentions no work at all being performed on several dates for which the invoice has extensive entries and charges is misleading. The TCEQ report is written in narrative form and is best described as a summary of the cleanup process. While the report does not detail every date that Fuller performed services, its overall description of the project is consistent with the invoice. We therefore conclude that Fuller's affidavit, attached invoice, demand letter, and report provide legally and factually sufficient evidence to support the trial court's damages award. *See* ***City of Keller****,* 168 S.W.3d at 810; *see also* ***Whitaker***, 218 S.W.3d at 221.

We overrule Roberts' fourth issue.

## Prejudgment Interest

In Roberts' fifth issue, he argues that the judgment contains an incorrect calculation of prejudgment interest.[2] Fuller concedes this point. Roberts and Fuller agree that prejudgment interest at the applicable five percent rate on the $127,237.82 damage award amounts to $8,192.02. Accordingly, we sustain Roberts' fifth issue and modify the judgment to reflect the correct pre-judgment interest amount.

### DISPOSITION

Having overruled Roberts' first four issues and sustained his fifth issue, we ***modify*** the judgment to reflect prejudgment interest in the amount of $8,192.02. We ***affirm*** the trial court's judgment as ***modified***.

**BRIAN HOYLE**
Justice

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] As part of his fifth issue, Roberts argues that the prejudgment interest should only be computed on $34,711.80, the charges reflected on Fuller's invoice for February 11 and 12, because the invoice is dated February 12. Having already concluded that the invoice date does not render the evidence insufficient to support the damages award, we will not address this argument. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-20-00134-CV**

**DAVID L. ROBERTS D/B/A DAVID ROBERTS TRUCKING,**
Appellant
V.
**JAY FULLER ENTERPRISES, LLC D/B/A FULLER ENVIRONMENTAL,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CV19-0591-392)

THIS CAUSE came to be heard on the oral arguments, appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect prejudgment interest in the amount of $8,192.02; in all other respects the judgment of the trial court is **affirmed**; all costs are adjudged against Appellant, **DAVID L. ROBERTS D/B/A DAVID ROBERTS TRUCKING,** and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*